In the Matter of the Appraisal for Taxation of a Portion of the Estate of JOHN B. SEAMAN, Deceased.

1. WILL — REMAINDER — TRANSFER TAX. When a devise or bequest of a remainder works a vested, although defeasible, interest in the remainderman on the death of the testator, notwithstanding possession does not pass until the death of the life tenant, the transfer or succession takes place at the death of the testator, and if that occurred prior to the enactment of the Taxable Transfer Act of 1892 (Chap. 399) the remainder is not taxable under that act.

2. ESTATE IN REMAINDER — TIME OF TRANSFER — TAXABLE TRANSFER ACT. The will of a testator, who died in 1876, provided as follows: "All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors in trust to apply and pay over the income of one equal undivided half part thereof to my adopted daughter and niece, E. S., during her natural life, and upon her decease I give, devise and bequeath said equal undivided one-half part of my estate, so held in trust for my said adopted daughter and niece, to the children of my nephew, G. A. S., living at the time of her death, share and share alike." The life tenant survived the testator, but died in 1893. When the will took effect on the testator's death there were living four children of G. A. S., who still survive. There was no inheritance tax law when the will took effect, but the Taxable Transfer Act of 1892 was in force when the life tenant died and possession passed to the remaindermen. *Held*, that the transfer or succession to the four children of G. A. S. occurred at the death of the testator in 1876, when they took vested interests in the residuary property, both real and personal, subject, on the one hand, to open and let in after-born children, and, on the other, to be defeated by death without issue during the running of the life estate;

that the rule applying to bequests of personalty, that when time is of the essence of the gift and there is no present gift, nothing passes until the prescribed period arrives, has no application to this case, in which there are explicit words of gift beyond a direction to divide; that the vesting in possession, which occurred after the enactment of the act of 1892, was not a transfer or succession then first occurring, and, therefore, did not render the estate taxable for that reason; and that the act of 1892 did not retroact upon the transfer which occurred before its enactment when the will took effect on the death of the testator.

3. TAXABLE TRANSFER ACT — RETROACTION. The clause in subdivision 3 of section 1 of the Taxable Transfer Act of 1892, that "such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer, whether made before or after the passage of this act," is to be restricted to the case of grants or gifts *causa mortis*, mentioned in the preceding portion of the subdivision, and does not extend to transfers by-will or intestacy so as to subject to taxation rights of succession which accrued before the statute came into existence.

Mem. of decision below, 87 Hun, 619.

(Argued June 4, 1895; decided October 8, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 10, 1895, which affirmed an order of the surrogate of New York county affirming an order of said surrogate fixing and assessing the transfer tax upon the estate of John B. Seaman, deceased.

The appellants are the sole surviving trustees under the will of John B. Seaman, and the distributees of the remainder of the trust estate created by the sixth and seventh articles of the will.

The facts, so far as material, are stated in the opinion.

*Lucius H. Beers* for appellants. The four remaindermen, who are now possessed of this estate, were all living when the testator died in 1876, and their rights in his estate vested at that time. (*Campbell* v. *Stokes*, 142 N. Y. 23; *In re Hendricks*, 1 Connolly, 301; *Moore* v. *Little*, 41 N. Y. 66; *House* v. *Jackson*, 50 id. 161; *Chinn* v. *Keith*, 4 T. & C. 126; *Ham* v. *Van Orden*, 84 N. Y. 257, 270; *Nelson* v. *Russell*, 135 id. 137; 1 R. S. 723, § 13; Laws of 1892, chap. 399, §§ 7, 11,

13.) In the case of transfers by will the time of the transfer is the death of the testator, and the transfer which is taxed is the passing of the property from the testator. (*In re Merriam*, 73 Hun, 587 ; *In re Swift*, 137 N. Y. 77, 88 ; Laws of 1892, chap. 399, §§ 2, 3, 7, 11, 22 ; *In re Vassar*, 127 N. Y. 1.) The act of 1892 is not retroactive in its terms. (Laws of 1892, chap. 399, §§ 1, 3, 7, 11 ; *Summerman* v. *Knowles*, 33 N. J. L. 205 ; *Gibbes* v. *N. Y. L. & T. Co.*, 14 Abb. [N. C.] 1 ; 1 R. S. 732, §§ 76, 79 ; Laws of 1885, chap. 483 ; 1 R. S. 722, §§ 7, 8.) The Transfer Tax Act should be strictly construed in favor of the taxpayer. (*In re Enston*, 113 N. Y. 174 ; *In re Vassar*, 127 id. 1 ; *In re Stewart*, 131 id. 274, 282 ; *In re Swift*, 137 id. 77, 86 ; *In re Fayerweather*, 143 id. 114.) The construction of this statute here contended for is just to the state, and is in accordance with the effect which the courts have given to inheritance tax legislation. (Laws of 1892, chap. 399, § 24 ; *In re Miller*, 110 N. Y. 216 ; *In re Hendricks*, 1 Connolly, 301 ; *In re Cogswell*, 4 Dem. 248 ; *Folsom* v. *U. S.*, 21 Fed. Rep. 37.) A retroactive effect should not be given to a statute unless the most unequivocal language is used which will admit of no other construction. (*N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473 ; *People* v. *Bd. Suprs.*, 43 id. 130 ; *Murray* v. *Howard*, 15 How. [N. S.] 421 ; *In re D. & H. C. Co.*, 129 N. Y. 105 ; *Benton* v. *Wickwire*, 54 id. 226 ; *In re Miller*, 110 id. 216 ; *In re Swift*, 137 id. 77, 86 ; *In re Vassar*, 127 id. 1 ; *In re Enston*, 113 id. 174 ; *In re Cogswell*, 4 Dem. 248 ; *In re Hendricks*, 1 Connolly, 301.)

*Edgar J. Levey* and *Joseph H. Choate* for respondent. The children of George A. Seaman did not, within the meaning of the Transfer Tax Act, become beneficially entitled in possession or expectancy to the remainders of the funds held in trust during the lives of Elizabeth Seaman and George A. Seaman, respectively, until the termination of such life estates. (*Delafield* v. *Shipman*, 18 Abb. [N. C.] 291, 301 ; *Teed* v. *Morton*, 60 N. Y. 502 ; *Warner* v. *Durant*, 76 id. 133 ; *Smith*

v. *Edwards*, 88 id. 92 ; *Everitt* v. *Everitt*, 29 id. 39 ; *Patchen* v. *Patchen*, 121 id. 432 ; *Delaney* v. *McCormack*, 88 id. 174, 188 ; *Shipman* v. *Rollins*, 98 id. 311, 327 ; *Mullarkey* v. *Sullivan*, 136 id. 227 ; *In re Curtis*, 73 Hun, 185 ; 142 N. Y. 219 ; *In re Forsyth*, 10 Misc. Rep. 477.)   Chapter 399, Laws of 1892, imposes a tax upon successions -to property, transferred by will prior to its passage, when the beneficial inter- ·ests therein vest subsequent to its passage.   (*In re Curtis*, 142 N. Y. 219 ; *In re Roosevelt*, 143 id. 120 ; *In re Hoffman*, Id. .327 ; Laws of 1892, chap. 399, §§ 3, 4, 7, 11, 20 ; Layton on Leg. & Suc. Duties [9th ed.], 111 ; *Wilcox* v. *Smith*, 26 L. J. ·Ch. 596 ; *Atty.-Gen.* v. *Middleton*, 3 H. & N. 125 ; *Atty.- ·Gen.* v. *Fitzjohn*, 2 id. 465 ; *Atty.-Gen.* v. *Gell*, 3 N. & C. .615 ; *Tallmadge* v. *Seaman*, 9 Misc. Rep. 303 ; *Blake* v. *McCarthy*, 10 Int. Rev. Rec. 13 ; *Brune* v. *Smith*, 13 id. 54 ; ·*Clapp* v. *Mason*, 23 id. 144 ; *Mason* v. *Sargent*, Id. 155 ; *In re Brooks*, 32 N. Y. Supp. 176 ; *In re Forsyth*, 10 Misc. Rep. 477.)

FINCH, J.   An action was brought by two surviving trustees, acting under the will of John B. Seaman, for a settlement of their accounts and for the appointment of new trustees to administer two trusts not yet terminated.   A question .of taxation under the revised act of 1892 (Chap. 399) arose, .and the comptroller of the city of New York was made a party defendant to effect its solution.   Following the decision ·of the General Term in the action, the surrogate made an ·order of appraisal and assessment which the General Term affirmed and from which this appeal is taken.   The con- :troversy depends upon the following facts :

Seaman died in October of 1876, having made and executed his last will and testament in the January preceding.   By its terms he devised and bequeathed a residue of his estate in ·these words :   " Sixth. All the rest, residue and remainder of ·my estate, real and personal, I give, devise and bequeath to .my executors, hereinafter named, in trust to apply and pay ·over the income of one equal undivided half part thereof to :my said adopted daughter and niece, Elizabeth Seaman, during

her natural life, and upon her decease I give, devise and bequeath said equal undivided one-half part of my estate so held in trust for my said adopted daughter and niece to the children of my nephew, George A. Seaman, living at the time of her death, share and share alike. Seventh. I direct and order my said executors hereinafter named to apply and pay over the income of the other equal undivided half part of my estate so held in trust by them to my said adopted son and nephew, George A. Seaman, during his natural life, and upon his decease I give, devise and bequeath the said equal undivided half of my estate, so held in trust for my said adopted son and nephew, to the children of my said nephew, George A. Seaman, living at the time of his death, share and share alike." Both of these life tenants were living at the date of the testator's death, and both died in January of 1893. When the will took effect there were living four children of George A. Seaman, who still survive and who took into their possession the remainders upon the termination of the trust. There was no inheritance tax law when the will took effect and the estates which it created devolved, but the act of 1892 was in force when the life tenants died and possession of the remainders passed to the four children, and the question involved is whether that vesting in possession which occurred after 1892 is a transfer or succession then for the first time passing, and, so, taxable under the act, or, if not then first occurring, is at least made taxable by the explicit language of the statute. The Special Term held that the tax law did not operate retrospectively, and subject to taxation rights of succession which accrued before the tax law came into existence, and that the remainders of the four children were not taxable. The General Term reversed the judgment and subjected the remainders to the tax, apparently putting their conclusion upon two grounds, which are that no interest vested in the four children of George, until the death of the life tenants, or at least no such beneficial interest in possession or expectancy as is made subject to taxation, and that the act of 1892 explicitly operates upon such a transfer as occurred.

10

I think the four children of George took vested interests in the residuary property, both real and personal, at the death of the testator, subject, on the one hand, to open and let in after-born children, and on the other to be defeated by death without issue during the running of the life estates. (*Campbell* v. *Stokes*, 142 N. Y. 23.) The case cited related to real estate, but except as to a suspension of absolute ownership, limitations of future or contingent interests in personal property are subject to the same rules as those which relate to future estates in land. (1 R. S. 773, § 2.) The respondent, nevertheless, relies upon the rule applying to bequests of personalty that, where time is of the essence of the gift, and there is no present gift, nothing passes until the prescribed period arrives. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 id. 92.) A reference to those cases and others which have followed them shows that the rule formulated was for the construction of bequests where there was no gift at all, except that involved in the direction to divide at a future time. Here there are words of present gift, for the phrase "upon her decease," like the expression "from and after," does not prevent the legacy from vesting. (*Nelson* v. *Russell*, 135 N. Y. 137.) Explicitly the will says, ".I give, devise and bequeath" the estates in remainder, and we are not compelled to resort to a direction to divide for an inference of an intention to give at all. I think the rule referred to has no application to a case like the present, where there are explicit words of gift beyond a direction to divide.

Upon that view of the will, it is obvious that a right of succession to the estates in remainder passed at once on the death of the testator to the four children and was a vested interest, although subject to be defeated or modified by subsequent contingencies. If the Inheritance Tax Law had been in existence at the date of the testator's death, these interests would have been taxable at once in the sense that the incumbrance of the right of the state would immediately attach. We have held that the tax is not upon the property which is transferred, but upon the right of succession which passes to the successor.

(*Matter of Swift*, 137 N. Y. 88.) · A right of succession passed
to the four living children of George at the death of testator.
It came from him ; it was transferred by him ; taking effect
at his death ; and passed then or never.   But the right itself,
although vesting in the successors at once, had its own peculiar
character.   It could not ripen into possession or enjoyment
until the death of the life tenants, and before that event was
contingent solely as to the persons who should eventually take
and the proportions to be observed.   The legatees as a class
were certain ; the particular individuals were alone uncertain.

But in just such a case difficulties arose in respect to the
application of the Inheritance Tax Law, and received their
solution in the case of *Curtis* (142 N. Y. 219).   There, as
here, a right of succession passed by the will, and at the date
of the death of the testatrix, but was contingent as to the
specific legatees; and it was seen that the immediate assess-
ment and collection of a tax was impossible, because, as the
law then stood, the succession of the children was exempt while
the substituted succession of the nephews and nieces would be
taxable ; and we determined that the state must wait for the
collection of its tax until the contingency was settled.   I
sought in that case to free the subject from the nice and diffi-
cult questions which attend the construction of wills, but,
desirable as the result is, I am less confident than I was then
of our ability to accomplish it.   The case did not decide what
is now contended on behalf of the respondent.   In the coun-
sel's brief it is described as holding that no beneficial interest
passed, and that construction is reached by emphasizing half
of a sentence with a neglect of the remaining half.   The lan-
guage used was " the state cannot establish that any beneficial
interest will pass to persons in whose hands it will be taxable,
and until it can show that vital and necessary fact its right to
the tax cannot arise."   To say that no beneficial interest passed
into hands where it was taxable is very different from saying
that no beneficial interest passed at all.   The doctrine of the
case and its manifest trend was that where the particular per-
sons who were to have the beneficial possession were uncer-

tain, the appraisal and collection must be adjourned until the uncertainty ended, but no new doctrine of the passing of the right of succession at a date later than that of the will was at all asserted.

It is said, however, that the right of succession passing in remainder by the will was at best merely technical and nominal, and that the beneficial interest did not pass until the termination of the life estates. In one sense that is true. The right of succession to specific individuals might prove barren, and for that reason the claim of the state should be adjourned, and the law of 1892 fully recognizes and provides for such an adjournment, but a necessary and admissible delay in appraisal and collection is a very different matter from an assertion that no beneficial right of succession passed at all until after the decease of the life tenants. Next, the language of the act is relied on to effect the result, and it presents the real and difficult question requiring solution. Section one of the act imposes a tax upon all transfers of property to persons or corporations not exempt from taxation in the cases thereafter specified. The first subdivision embraces transfers by will or by intestacy from residents of the state. The second covers similar transfers of property within the state where the decedent was a non-resident at the time of his death. So far the transfers take place necessarily at the moment of death, for the will on the one hand and the intestate laws on the other operate and speak from that date, and any special provision about that was needless. But then comes the third subdivision introducing a new case. It reads thus : " When the transfer is of property made by a resident or a non-resident when such non-resident's property is within this state, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession ·or enjoyment at or after such death." At this point are evidently referred to grants or gifts *causa mortis ;* that is, those effecting the result of a will or of intestacy by a grant or gift made during life, and so by a different process. The subdivision then proceeds: " Such tax shall also be

imposed when any such person or corporation becomes bene-
ficially entitled, in possession or expectancy to any property
or the income thereof by any such transfer whether made
before or after the passage of this act." If we give this lan-
guage a general and broad application, making it cover not
only grants or gifts *causa mortis,* but also transfers by will or
intestacy, we give the act a retrospective operation, and sub-
ject to taxation rights of succession which accrued before the
statute came into existence. Of course we ought not to do
that upon any doubtful or ambiguous expression. The words
of the statute have their full and natural force when
applied to the new case, immediately preceding, of grants
or gifts *causa mortis.* A grantor may have conveyed
and delivered his deed before 1892, in contemplation of
death, and to take effect upon the happening of that event,
or reserving a power of revocation, as well as the possession
or enjoyment, during his lifetime, and the legislature certainly
intended to put such a transfer on the same footing as one by
will. It is of no consequence that the will was executed
before the statute if the death occurs after, and the same rule
was intended to be explicitly applied to grants *causa mortis.*
Though the deed precedes the tax law, as the execution of the
will precedes that law in a possible case, yet the transfer in
both instances is to date from the one event which makes it
operative and effective. So much the legislature certainly
intended, and so much can be admitted without making the stat-
ute operate retrospectively. Did the legislature mean more
than that? The argument for an affirmative answer rests
somewhat upon the expression: "Shall be beneficially entitled
in possession or expectancy." But these four children, at the
death of the testator, were "beneficially entitled" to their
remainders in "expectancy." An estate "in expectancy" is
one where the right to the possession is postponed to a future
period, and it is "beneficial" where the devisee takes solely
for his own use or benefit, and not as the mere holder of the
title for the use of another. So that the four children, as I
have said, were beneficially entitled in expectancy, at the date

of testator's death, to the estates which later came into their actual possession.

In addition, it should be observed that the statute draws the distinction between the passing of the right of succession and the subsequent enjoyment, or termination of a defeasible quality. The right of the state attaches when the right of succession accrues, but may not be enforced in advance of that future possession and enjoyment, or indefeasible owner-ship, which identifies the persons who ought to pay. I think that is the meaning of the statute, although in some respects it is not free from ambiguity, and that we ought not to give it the retrospective effect for which the respondent contends.

The order of the General Term and of the surrogate should be reversed, with costs, and the proceeding be dismissed.

All concur.

Judgment accordingly.