In the Matter of the Appraisal of the Estate of SARAH HELEN GREEN, Deceased.

ASHBEL P. FITCH, Comptroller of the City and County of New York, Appellant; FREDERICK FRELINGHUYSEN and Others, Respondents.

*Transfer tax — securities conveyed by a trust deed, irrevocable except by consent of both parties, are not taxable.*

A deed of trust, executed February 14, 1889, provided that the trustee named therein should hold certain securities and apply their income to the use of the grantor as long as she should live, and after her death that he should divide the securities equally among her nieces, and also contained the following proviso: "Provided, however, that this instrument may, at any time, be modified or vacated by an instrument in writing to be executed by me and by the said trustee, or his successor or successors." Under this latter clause the instrument was subsequently slightly modified.

The grantor died on the 21st day of May, 1893.

*Held*, that the property which passed under the trust deed was not subject to the transfer tax imposed by chapter 399 of the Laws of 1892;

That the transfer became effective at once upon the execution of the deed and the delivery of the securities, and that the donees mentioned in the instrument took a vested interest, liable only to be defeated by their failure to survive the

donor or by modifications which might be agreed upon, during the term of the trust, between the trustee and the grantor;

That there was no power of revocation reserved, as the power to revoke or modify expressly required the assent of both the donor and the donee;

That the transfer was in the nature of a gift *inter vivos* and was not taxable.

APPEAL by Ashbel P. Fitch, comptroller of the city and county of New York, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 9th day of March, 1896, fixing the transfer tax upon the estate of Sarah Helen Green, deceased.

*John R. Dos Passos*, for the appellant.

*G. G. Frelinghuysen*, for the respondents.

Order affirmed, with costs, on opinion of the court below.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred; INGRAHAM, J., taking no part.

The following is the opinion of the court below:

FITZGERALD, Surrogate:

This is an appeal from an order entered herein fixing the transfer tax. The decedent died in the city of New York, where she resided, on the 21st day of May, 1893. She left a will dated January 30, 1889, and a codicil dated February 1, 1893, both of which were admitted to probate. Prior to her death, and on February 14, 1889, she executed and delivered to a trustee a trust deed, by which she assigned, transferred and delivered to him as trustee certain securities. This trust deed provided that the trustee and his successors should hold the bonds in trust, to collect and receive the income and interest thereon and of all investments thereof, and apply the same to the use of the said decedent as long as she should live; and from and after her death the trustee was to divide and pay over the securities and proceeds thereof in equal shares among certain nieces named. The said deed also contained the following provision: "III. Provided, however, that this instrument may, at any time, be modified or vacated by an instrument in writing, to be executed by me and by the said trustee or his successor or successors." The trustee was empowered by the said deed to dispose of the securities

and all investments of the same, and to reinvest the proceeds in his discretion.

The securities referred to in the trust deed were thereupon delivered to the trustee, and have ever since remained in his possession and under his control. On the 14th of November, 1890, the deed above mentioned was modified by a written agreement, executed by the said decedent and trustee, so as to provide that the share of one of the nieces should be kept in trust for her by the trustee during her life, and the principal, upon her death, should be paid to her issue when the said issue should reach the age of twenty-one. It was further modified by an agreement executed by the decedent and the said trustee on the 28th of October, 1891, by providing for the disposition of the respective shares in case of the death of the beneficiaries without issue. During the lifetime of the said decedent, the trustee collected the income of the securities and paid the same over to her periodically.

The appraiser reported (an order was entered in conformity therewith) that the transfer of the property under the trust deeds referred to was made in contemplation of the death of said decedent, or was intended to take effect in possession or enjoyment at or after her said death, and that the said property is subject to the payment of the tax imposed by law. The propriety of the *ex parte* order, entered on the appraiser's report, must be determined by reference to chapter 399 of the Laws of 1892, the law in existence at the date of the decedent's death. That law has recently been construed by the Court of Appeals in *The Estate of Seaman* (N. Y. Law Journal, October 14, 1895; 147 N. Y. 69), and a reference to the opinion in that case will show that the transfer in the case at bar can only be held liable to taxation upon one of two assumptions : *First*, that it was a gift *mortis causa*, or, *second*, that it was a conveyance in contemplation of death, to take effect upon the happening of that event, or reserving a power of revocation as well as the possession or enjoyment during the lifetime of the grantor. It will hardly be claimed that the transfer in question constituted a *donatio mortis causa*, for it lacks the essential requisite to such a gift, viz., of having been made in apprehension of death, and of its effectiveness being dependent upon that event. The discussion is, therefore, necessarily confined to a consideration of whether the transfer was to take effect upon the happening of the

death, or whether a power of revocation was reserved in the instrument, as well as the possession or enjoyment of the property during the lifetime of the donor. I am of the opinion that the transfer became effective upon the execution of the deed and the delivery of the securities in conformity therewith, and that the donees mentioned therein took a vested interest, liable, of course, to be defeated by their failure to survive the lifetime of the donor, or to any modification that might be agreed upon under its term between the trustee and the donor. It was, therefore, a perfected transfer in the nature of a gift *inter vivos,* and not taxable. (*Estate of David,* Surr. Decs. 1895, 263.)

It is claimed by and on behalf of the State that the power of revocation reserved in the deed rendered the transfer, in its nature, incomplete and ambulatory. It will be observed, however, that this power to revocate or modify required the assent of both parties thereto. The trustee stands in the same position as the donor — if the trustee desired to modify the instrument, he might do so only with the consent of the donor; and, if the donor wished to modify the instrument, she could do so only with the consent of the trustee. For all practical purposes such a provision in the deed might have been omitted, for it simply states what would have been the rights of the parties thereto under the law. As between the parties to the transaction, the effect of a gift, if completely executed, is to effectually transfer the full title and ownership of the property from the donor to the donee — as much so as if the article had been sold for a valuable consideration. "It is not, then, in the power of either the donor or the donee to revoke it without the consent of the other." (8 Am. & Eng. Ency. of Law, 1339, and cases cited.) It is only when something remains to be done by or on behalf of the donor, which is not done before his death, that the gift fails to take effect. Submit order accordingly.