In the Matter of the Estate of SARAH HELEN GREEN, Deceased.  Appeal of ASHBEL P. FITCH, Comptroller of the City and County of New York.

153   223
f169   ²442

153      223
d 77 AD²483

1. APPEAL — UNANIMOUS DECISION — TRANSFER TAX PROCEEDING. The provision of the Constitution (Art. 6, § 9) and of the Code of Civil Procedure (§ 191), that no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting a finding of fact shall be reviewed by the Court of Appeals, has no application to an appeal from an order of the Appellate Division affirming an order of a surrogate reversing the imposition of a transfer tax where no question of fact was in controversy and the only question involved was the legal construction of the instrument of transfer and the statute.

2. TRANSFER TAX — TRANSFER INTENDED TO TAKE EFFECT IN POSSESSION AT DEATH OF DONOR.  Where property is delivered by the owner to a trustee, under an instrument purporting to assign it to the trustee and his successors in trust to collect the income and apply the same to the grantor's use during life, and after the grantor's death to distribute the property among designated remaindermen, the transfer to the remaindermen must be deemed to have been "intended to take effect, in possession or enjoyment, at or after the death" of the grantor or donor, within the meaning of the Transfer Tax Act (L. 1892, ch. 399, § 1).

3. RESIDENCE OF TRANSFEREES.  Where the beneficiaries of a transfer of property within this state by a resident, by a grant or gift intended to take effect in possession or enjoyment, at or after the death of the grantor or donor, take the property in possession or enjoyment under the laws of this state and under an instrument made here, it is not important, for the purposes of the application of the Transfer Tax Act, whether they reside in this state or elsewhere at the time of the imposition of the tax.

*Matter of Green*, 7 App. Div. 339, reversed.

(Argued May 3, 1897; decided June 8, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1896, which affirmed an order of the Surrogate's Court for the county of New York reversing an order which fixed an assessment and imposed a transfer tax.

The facts, so far as material, are stated in the opinion.

*John R. Dos Passos, B. F. Dos Passos* and *Edmund Francis Harding* for appellant. The motion to dismiss should be denied. This is an appeal from an order finally determining a special proceeding and presents a question of law for review. (Code Civ. Pro. § 190; 19 Am. & Eng. Ency. of Law, 646.) The rights of succession in the present case are taxable. (*In re Swift*, 137 N. Y. 88; *In re Seaman*, 147 N. Y. 75.) The interests transferred to the beneficiaries were not vested in them until after the donor's death, and, by force of the words used in the deed of transfer, depended upon that event for their quality of vesting, and, therefore, took effect in possession and enjoyment at such death. (*In re Seaman*, 147 N. Y. 77; *Warner* v. *Durant*, 76 N. Y. 136; *Smith* v. *Edwards*, 88 N. Y. 104; *Nelson* v. *Russell*, 135 N. Y. 137; *In re Curtis*, 142 N. Y. 222.)

*G. G. Frelinghuysen* for respondent. This case is not appealable to the Court of Appeals under the statute. It is an appeal from an unanimous decision of the Appellate Division, and presents only questions of fact for review. (*In re Green*, 7 App. Div. 339; L. 1895, ch. 946; L. 1896, ch. 559; Code Civ. Pro. § 191; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Niendorff* v. *M. R. Co.*, 151 N. Y. 50; *Otten* v. *M. R. Co.*, 150 N. Y. 395; *Croveno* v. *A. A. R. R. Co.*, 150 N. Y. 225; *White* v. *Benjamin*, 150 N. Y. 258; *Sciolina* v. *E. P. Co.*, 151 N. Y. 50; *Huda* v. *A. G. Co.*, 151 N. Y. 549; *Harroun* v. *B. E. L. Co.*, 152 N. Y. 212.) The transfer of the property was not taxable. The right of succession passed to the three beneficiaries, not at the time of the death of Mrs. Green, but at the delivery of the deed and the securities, Feb-

ruary 14, 1889. (*Diefendorf* v. *Diefendorf*, 132 N. Y. 100; *Nelson* v. *Russell*, 135 N. Y. 137; *In re Seaman*, 147 N. Y. 69; *Stout* v. *Rayle*, 45 N. E. Rep. 515; *In re Swift*, 137 N. Y. 88; *In re Hamilton*, 148 N. Y. 310.) The transfer was by deed at the date of the delivery of the deed and securities during the life of the grantor. (*U. S.* v. *Leverich*, 9 Fed. Rep. 586; *In re Hendricks*, 18 N. Y. S. R. 989; *In re Seaman*, 147 N. Y. 69; *Fryer* v. *Morehead*, L. R. [3 Ch. Div.] 675.) The transfer became effective upon the execution of the deed and its delivery with the securities. The Transfer Tax Act is explicit and does not cover gifts made *inter vivos*. (*Diefendorf* v. *Diefendorf*, 132 N. Y. 100; *Gilman* v. *McArdle*, 99 N. Y. 451; *Ridden* v. *Thrall*, 125 N. Y. 579; 2 Kent's Comm. 444; *Grattan* v. *Appleton*, 3 Story, 755; *Michener* v. *Dale*, 23 Penn. St. 59; *McCarty* v. *Kiernan*, 86 Ill. 291; *In re Johnson*, 19 N. Y. Supp. 963; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y. 125; *In re Ogsbury*, 7 App. Div. 71.) The rights of the beneficiaries vested on the delivery of the deed. (*Nelson* v. *Russell*, 135 N. Y. 140; *In re Knoedler*, 140 N. Y. 379; *In re Davis*, 149 N. Y. 539; *Nelson* v. *Bishop*, 45 N. J. Eq. 473; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 150; *U. S. T. Co.* v. *M. B. L. Ins. Co.*, 115 N. Y. 152.)

O'BRIEN, J. In proceedings under the statute for the assessment of the transfer tax in this case the surrogate reversed his own order which imposed the tax and held that the property was not subject to such payment. The Appellate Division has affirmed the order.

Sarah Helen Green, a resident of New York, died on the 21st of May, 1893, leaving a will.

Previous to her death, and on the 14th day of February, 1889, she delivered to Frederick Frelinghuysen, as her trustee, over $200,000 of railroad bonds, under a deed or instrument bearing date on that day which, in terms, purported to assign and deliver this property to the trustee and his successors in trust upon the following conditions and for the following

29

uses : 1. To collect the income and apply the same to her use during her life.  2. After her death, to divide and pay over the same and the proceeds among her three nieces, who were named, the issue of either who might die before the donor to receive the share to which the mother would be entitled if living, and in case of the death of either of the nieces before her without issue her share to go to the survivors.

The power was reserved to modify the instrument at any time with the consent of the trustee and to appoint a successor in case of his death.  The trustee was given power also to sell the property in his discretion and to reinvest the proceeds subject to the same uses and trusts.

The instrument was modified by another executed November 14, 1890, and by another dated October 28th, 1891, both of which were in substantially the same form as the original. The changes made related to the distribution of the remainders among the nieces and their heirs after the death of Mrs. Green, and are not material to the questions involved in the appeal.

The trustee accepted the trust, took the property into his possession and deposited the bonds in a box in a safe deposit company, where they remained until the death of Mrs. Green. They then passed in possession and enjoyment to the nieces under the terms of the deed.  The question is whether this transfer was subject to the tax authorized by the statute in such cases.

The point is made that, since the decision of the Appellate Division was unanimous, the order is not reviewable in this court.  We do not perceive that this provision of the Constitution and the statute has any application to such a case.

There was no question of fact in controversy.  The only question involved was the legal construction of the deed and the statute, and this, of course, was a question of law which this court may review.

The act (L. 1892, ch. 399, § 1) provides that the tax shall be paid :

1. When the transfer is by will, or by the intestate laws of

this state, from any person dying seized or possessed of the property while a resident of the state.

2. When the transfer is by will or intestate law, of property within the state, and the decedent was a non-resident of the state at the time of his death.

3. When the transfer is of property made by a resident or by a non-resident, when such non-resident's property is within this state, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, *vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death.* Such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property, or the income thereof, by any such transfer, whether made before or after the passage of this act.

There are some questions discussed at length upon the briefs of counsel which, in the view we take of the case, are not very material to the disposition of the appeal.

It is not important to determine whether the trust instrument was made in contemplation of death, or whether, upon the delivery thereof, the remainders vested in the nieces in such a sense as to constitute a gift *inter vivos* within the meaning of the cases cited by the learned counsel for the respondent. It may be conceded that upon the delivery of the trust deed an interest in remainder vested in the nieces subject to open and let in the children of one who had died during the lifetime of the donor, according to the terms of the instrument. The real question is, whether the remainders which the nieces took under the deed, were intended to " *take effect, in possession or enjoyment,*" at or after the death of the donor. Until her death, they had no actual possession, or right to the possession, of the property. Since they could not receive any part of the principal or the income till after her death, their right of enjoyment was postponed till the happening of that event. Whatever interest they may have had before, the right to the possession and enjoyment depended upon the death of the donor. We think it quite clear that the remain-

ders were transferred to the nieces, in possession or enjoyment, by an instrument intended to take effect for that purpose, at or after the death of the donor, and so the case is brought within the terms of the statute. It matters not whether the transfer is by grant or by gift so long as it was intended to take effect, in possession or enjoyment, at or after the death of the grantor or donor, the devolution of title is subject to the tax.

The death of the donor was the event which made the transfer complete and effective and secured to the nieces the possession and enjoyment of the property. (*In re Seaman*, 147 N. Y. 77.)

The property was within this state and the transfer was by a resident. The nieces take the remainders in possession or enjoyment under the laws of this state and under an instrument made here. It is not important, therefore, whether they now reside here or elsewhere. The question considered by the courts below was whether the transfer in its nature and character was within the statute and we think it was.

These views require a reversal of the order appealed from as well as the second order of the surrogate. The first or *pro forma* order of the surrogate is correct in principle and should be affirmed if correct in detail, but since it is admitted by the counsel for the comptroller that there was an error in the adjustment of the amount of the tax against the respondents or some of them, all the orders should be reversed and the proceedings remitted to the surrogate for his further action in accordance with this opinion, without costs to either party.

All concur, except GRAY, J., absent.

Orders reversed.