**130**    Matter of Fitzgibbon.

Surrogate's Court, New York County, January, 1919.    [Vol. 106.

## Matter of the Estate of Gerald Fitzgibbon, Deceased.

(Surrogate's Court, New York County, January, 1919.)

Transfer tax — deeds — real property — transfers in contemplation of death — appeal — Tax Law, § 220(4).

> Where by deeds of conveyance executed less than two months before the death of the grantor, he reserves to himself the right to collect and retain for his own use and benefit during his lifetime, the rents of the premises conveyed, the conveyance is subject to a transfer tax under section 220(4) of the Tax Law, as a gift to take effect in enjoyment after the death of the grantor.
>
> Where it appears that at the same time decedent, who was at least seventy-five years of age, conveyed other real property by deeds containing no such reservation, but his physical condition was such that he must have realized that his death within a short time was inevitable, a finding that the transfers were made in contemplation of death is justified and they are subject to a transfer tax.
>
> Though real property transferred by a decedent within two months of his death may be subject to a transfer tax it is not subject to the payment of funeral and administration expenses.

Appeal from an order assessing the transfer tax.

George V. Grainger, for appellants.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Fowler, S.    This appeal is taken by the two daughters of the decedent, individually and as executrices of his will, from the report of the transfer tax appraiser and the order assessing the tax.

The decedent died March 2, 1914.  By five separate deeds, all bearing date the 16th day of January, 1914, the decedent conveyed to the appellants all the

real estate which he owned, consisting of improved property in the city of New York of the appraised value of $73,665.80. The gross estate left by decedent at his death was $1,254.93. The debts, funeral and administration expenses and commissions amount to $6,131.75.

The grounds of the appeal are that the appraiser has erroneously found that the real estate of decedent was transferred in contemplation of his death, and has accordingly reported it as taxable, and that he has not deducted from the value of the property reported subject to the tax the amount of the funeral and administration expenses, debts, etc.

In each of the three deeds of decedent conveying the premises designated, respectively, as 107, 109 and 111 Canal street, the following clause appears: " The party of the first part, however, reserves to himself the right to collect and retain for his own use and benefit the rents of the foregoing premises during his lifetime."

I think, in view of this reservation, the transfers of the Canal street property are subject to tax under subdivision 4 of section 220 of the Tax Law, because they were gifts to take effect in enjoyment after the death of decedent. *Matter of Green,* 153 N. Y. 223; *Matter of Keeney,* 194 id. 281.

The provision above quoted does not appear in the deeds of No. 424 Lenox avenue and the premises at Far Rockaway, in the borough of Queens, which were the other parcels conveyed by decedent, and these transfers are taxable only in case they were made in contemplation of death.

The testimony taken before the transfer tax appraiser shows that for twenty-five years before his death the decedent had suffered from asthmatic bronchitis. In the month of July, 1913, the family physician made an examination of decedent, and came to the con-

Surrogate's Court, New York County, January, 1919.    [Vol. 106.

clusion that he was suffering from cancer of the throat. The diagnosis was confirmed by a specialist to whom the decedent was referred, and whose examination took place the same month. The family physician did not inform his patient of the cancerous condition. The daughter of decedent testified that she accompanied her father on the visit to the specialist, who at the daughter's request informed her of the nature of her father's illness. The conversation between the daughter and the physician seems to have taken place in the presence of the decedent.

The exact age of the decedent was not known to any of the parties who were called as witnesses before the transfer tax appraiser. It was stated that he was at least seventy-five years of age, having been in business for over sixty years.

At the time of the execution of the deeds, which was less than two months before his death, the physical condition of decedent was such that he must have realized that his death within a comparatively short period of time was inevitable. I think the evidence sustains the finding of the appraiser that the transfers were made by decedent in contemplation of death.

The property transferred by the decedent prior to his death forms no part of the estate subject to the payment of the funeral and administration expenses, debts, etc. The report of the appraiser is correct, and the order assessing tax will be affirmed.

Order affirmed.