*Decision will be entered under Rule 50.*

CARL P. MUNTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SIDNEY S. MUNTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3063, 3064. Promulgated May 16, 1945.

*Samuel Kaufman, Esq.*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

42

OPINION.

LEECH, *Judge*: It is petitioners' sole contention that by the agreement entered into on May 1, 1940, each made a complete gift of a one-fourth interest in the assets and business of the partnership business to his wife and by the same instrument their wives entered into partnership with them, contributing thereto, in each case, the one-fourth interest which had been coincidentally so received by them under the contract.

Respondent, on the other hand, argues that by the transaction no completed gift of any interest in the assets of the partnership was effected, that the wives therefore contributed no capital to the alleged new partnerships, and that consequently such alleged new partnerships are not to be recognized for tax purposes and the income in question is taxable to petitioners. We agree with respondent.

Since it is stipulated that the wives furnished no services to the partnership, its recognition for Federal income tax purposes, in so far as the wives are concerned, depends on whether they contributed capital. The fact of this contribution turns here on whether the petitioners, actually, effected completed gifts of interests in partnership assets to their wives by the agreement of May 1, 1940.

It is true the petitioners and their wives registered as a partnership under the Fictitious Names Act of the Legislature of Pennsylvania (Act of June 28, 1917), by virtue of which the property of the wives as well as that of the husbands became liable for the debts of the partnership business. This fact did not help in any way the credit of the business, since, in this record, there is nothing to indicate that either of the wives had any property other than that purportedly given to them in the agreement of May 1, 1940. Since such "gift" was an indispensable part of the agreement, it was subject to the obligation that it be left in the partnership business. The agreement specifically provided that petitioners alone could fix their compensation from the business and hence to a great extent the amount of the net income for distribution. And there is no evidence that any such income was ever distributed to the wives nor, if distributed, whether it was used as their income. In fact, it is not even revealed whether "proper books of account" of the so-called partnership were ever kept as the agreement provided. Either petitioner, under the agreement, could prevent the sale or assignment, during the life of his wife, of the interest he allegedly gave to her. And, at her death, neither wife had a right of testamentary disposition of the property. It was provided that the husband should succeed to the interest of his wife upon her death, but there was no corresponding provision entitling the wife to the husband's share if he predeceased her. Such wife would receive only a one-third interest in the husband's share and the surviving petitioner was given a right, in that event, to purchase at book value, excluding any value for good will, not only her one-third interest in the husband's share, but her one-fourth interest in the partnership business. We are not impressed with the argument of petitioners that the effect of these provisions contradicting the actuality and completeness of the alleged gifts is answered by the fact that their wives had a right to dissolve the partnership and force a distribution to each of them of one-fourth of the partnership assets. The premise for this argument is that there is no specific term fixed in the agreement for the duration of the partnership. It is true that no such period measured by months or years is provided. But the agreement evidences to us an intention that the partnership shall exist at least until the death of one of the petitioners or one of their wives. We can not reconcile the existence of a right on the part of the wife to force a distribution of partnership assets to her in the face of the fact that the only right she had, if any, was the enjoyment of such right during her life, which right reverted to her husband, the donor, at her death.

When scrutinized carefully and as a whole, in its present setting, as it must be, the agreement of May 1, 1940, convinces us that neither petitioner intended to nor did effectuate a valid, completed gift of any interest in the assets of the business. The essential elements of such a

gift are here lacking. *Edson* v. *Lucas*, 40 Fed. (2d) 398; *Johnson* v. *Commissioner*, 86 Fed. (2d) 710; *Tyson* v. *Commissioner*, 146 Fed. (2d) 50. We have noted the opinion of the Sixth Circuit on April 2, 1945, 148 Fed. (2d) 388, reversing our decision in *Francis E. Towers*, 3 T. C. 396, where we held as incomplete for tax purposes a gift of stock by a husband to his wife on condition that the corporation be liquidated and the distributive share of the wife be contributed to a partnership organized by the former stockholders to carry on the business, the wife to be a limited partner without voice in the management. But the situation there was different. The gift to the wife was absolute. No reversionary interest was retained, as here, by the husband.

The petitioners rely upon our decisions in *Richard H. Oakley*, 24 B. T. A. 1082; *Robert P. Scherer*, 3 T. C. 776; and *M. W. Smith, Jr.*, 3 T. C. 894. We think the facts in each of those cases are distinguishable from those in the present proceedings. In all three of the cited cases the transfers by gift possessed an actuality and substance which are here lacking.

We think that the effect of the agreement of May 1, 1940, was at most not more than a mere assignment by petitioners to their wives of a portion of their respective shares of the income of the partnership business. By such action they do not relieve themselves of the liability for tax on the income so assigned. *Burnet* v. *Leininger*, 285 U. S. 136. Respondent's action in taxing the income of the business to the two petitioners in equal proportions is sustained.

These petitioners are the petitioners in consolidated proceedings entered at Docket Nos. 1162 and 1163, which ask redetermination of deficiencies for the year 1940. Certain concessions have been made and the parties have stipulated that the present deficiencies are to be adjusted on final computation in accordance with such concessions and our decision of the main issue raised in each of those other proceedings. Effect will be given thereunto upon recomputation.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

HARRON, *J.*, concurring: This is one more of the long list of cases where a husband has undertaken to make members of his family copartners in a business enterprise. It is unlike some cases in the brevity of the evidence, which consists only of some formal documents. The chief one is the agreement signed by petitioners and their wives, dated May 1, 1940. It is primarily upon that document that petitioners rest their case.

The number of cases involving the question presented here has become substantial. See "Partnership in Tax Avoidance," by Randolph Paul, The George Washington Law Review, vol. 13 (2) (Feb.

1945), p. 121. The fact that the arrangements are uniformly within the family group has invited close scrutiny of the facts. This Court and the Circuit Courts have held in many instances that formal arrangements are not conclusive for tax purposes, and that a contract which satisfies the requirements of the substantive law of partnerships does not in itself constitute a contract which can be recognized for purposes of Federal income tax law so as to relieve a taxpayer from the burden of tax upon income produced by a business enterprise which he has conducted formerly alone, or in a partnership relation with another. While the majority opinion does not cite many of the decisions, they can not be ignored. They constitute a body of authority which must be considered. See *Earp* v. *Jones*, 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764; *Schroder* v. *Commissioner*, 134 Fed. (2d) 364; *Frank J. Lorenz*, 3 T. C. 746; affd., 148 Fed. (2d) 527; *Francis Doll*, 2 T. C. 276; affd., 149 Fed. (2d) 239 (C. C. A., 8th Cir.); *A. L. Lusthaus*, 3 T. C. 540; affd., 149 Fed. (2d) 232 (C. C. A., 3d Cir.); *O. William Lowry*, 3 T. C. 730.

In this proceeding the question is to determine the liability for income tax upon the income produced by two business enterprises. That which produced the income was the enterprises themselves, the capital of the businesses and the labor and skill of those who combined such with the capital in the conduct of the business. The enterprises themselves are not taxable entities, as corporations are. The enterprises were created and kept going by petitioners. The Commissioner has determined that only petitioners are liable for tax on the income of the businesses, and that determination means, also, that only the petitioners were carrying on the businesses. The issue involves the application of a fundamental rule of tax law that income is taxable to the person who earns it, or who owns it, or who has the economic interest in it, however that rule is best expressed. If all that petitioners did was to share with their wives the income which a business which they carried on produced, the situation is no different from that in *Burnet* v. *Leininger*, 285 U. S. 136. It would be well to give thought to the full meaning of what was said in that case, particularly, "That which produced the income was not Mr. Leininger's individual interest in the firm." It may be that here, when each petitioner assigned an undivided one-half of his undivided one-half *interest* in the businesses to his wife, he did no more than Leininger did. Leininger's income tax liability remained unchanged.

The above is intended to raise questions. The questions are raised to emphasize the importance of the burden of proof upon petitioners. Their burden can not be met by the agreement alone, which is all that is relied upon. It is necessary to know what the effect of the agree-

ment was upon the carrying on of the businesses which produced the income. Within this area, the question presented is very much a fact question. Also, since the arrangement could be one where no more was done than to reallocate family income within the family group, form can not be determinative. The burden of proof is broad in this case, and in all cases involving the same general issue. Where so little evidence is produced upon the matter of how the businesses were conducted after the arrangement, there is a failure of proof. If petitioners' economic position, economic activities, control over the businesses, control over the income, conduct of the businesses, and such went on exactly in the same way after the formal execution of the agreement, then the income of these businesses must still be taxed to petitioners because their wives have not in reality acquired a direct interest in the businesses which produced the income, but have acquired only a derivative interest, the real interest remaining in their husbands. Petitioners have not overcome a presumption which lies in the determination of the respondent, which is that, at best, petitioners did no more than assign some of their own income to their wives.

MELLOTT and OPPER, *JJ.*, agree with the above.

---

BLACK, *J.*, dissenting: The gist of the majority opinion in the instant case is that the wives of the petitioners were not partners with them in the ownership and operation of the Sweet Clean Damp Wash Laundry and the Perfect Laundries, both businesses being located in Pittsburgh, Pennsylvania, because no completed gifts were made by petitioners to their wives of any interest in the assets of the business.

I do not accept as correct the conclusion of the majority opinion that no completed gifts were made to the wives. I think the undisputed facts which have been stipulated show that a completed gift was made. If we had a gift tax case here, I think we would hold that completed gifts were made, and such holding would be proper. See *Robert P. Scherer*, 3 T. C. 776.

Among the reasons given in the majority opinion as to why the gifts from petitioners to their wives were incomplete, is that:

\* \* \* It was provided that the husband should succeed to the interest of his wife upon her death, but there was no corresponding provision entitling the wife to the husband's share if he predeceased her. \* \* \*

Presumably the above quoted language from the majority opinion refers to paragraph seventh (a) of the partnership agreement, which reads as follows:

It is understood and agreed between the parties that in the event of the death of Sarah Appel Munter, leaving to survive her husband, Sidney S Munter,

then he shall succeed to her undivided one-fourth (¼) interest and he shall assume all the debts and obligations of Sarah Appel Munter in the partnership.

Paragraph seventh (b) of the partnership agreement contains the same provision with reference to the reversion of the partnership interest of Roberta Gross Munter to her husband Carl P. Munter.

The foregoing provisions simply provide for the reversion to the husbands of the subject matter of the gifts in the event the wives predecease them and do not have the effect of making the gifts incomplete. Other provisions in the partnership agreement are given in the majority opinion as reasons for holding the gifts incomplete. These other provisions, I think, are just as far from having that effect as the one to which I have just referred. The majority opinion relies upon three cases for support: *Edson* v. *Lucas*, 40 Fed. (2d) 398; *Johnson* v. *Commissioner*, 86 Fed. (2d) 710; and *Tyson* v. *Commissioner*, 146 Fed. (2d) 50. In my judgment only one of these cases is in point as to the issue decided and, as I read it, this case is directly contrary to the result reached in the majority opinion. That case is *Edson* v. *Lucas*. In that case the court reversed a decision of the Board of Tax Appeals which had held incomplete a gift of shares of stock in the Texas Oil Co. which Mrs. J. A. Edson had made to her daughter, Geraldyne Edson Pratt. In reversing the decision of the Board the court, among other things said:

The evidence in this case is conclusive of the fact that Mrs. Edson transferred the legal title and all dominion and control of the 708 shares of Texas Company stock to Mrs. Pratt in 1919, by transfers of the certificates of stock, which was certainly the most effective way of vesting her daughter with possession and control, that Mrs. Pratt accepted the transfer and assumed all dominion and control over the stock and the income therefrom and the proceeds thereof. The condition as to the disposition of the proceeds, if the stock were sold, was a condition subsequent; that is, a condition which did not interfere with the vesting of the title in Mrs. Pratt. [Citing authorities.] The condition as to the principal remaining intact was of the same character, and the provision as to the ultimate disposition of the gift, in case Mrs. Pratt *predeceased her father and mother, did not invalidate the gift, as has already been pointed out.* [Italics supplied.]

So, as I view it, *Edson* v. *Lucas*, *supra*, certainly does not support the conclusion reached in the majority opinion, but is to the contrary.

The case of *Johnson* v. *Commissioner*, *supra*, has no application to the facts of the instant case, in my opinion. That was a case where the Second Circuit affirmed a decision of the Board of Tax Appeals reported at 33 B. T. A. 1003. The substance of the court's opinion in affirming us was that where a wife delivered to a trustee, as corpus of a trust, a check which she had received from her husband, and the husband, as part of the same transaction, executed a demand note to the trustee for a loan in the same amount in accordance with provisions of the trust requiring the trustee to make such loan on request, payments

made by the husband to the trustee as interest on the note were held properly disallowed as a deduction as "interest" from gross income in computing income tax, since the transaction did not constitute a gift to the wife, but was an unenforceable gratuitous promise to make a gift in the future. It seems to me that no further discussion than the above recital of the facts is necessary to demonstrate that *Johnson* v. *Commissioner* has no application to the facts of the instant case.

The third case cited by the majority opinion in support of the conclusion reached is *Tyson* v. *Commissioner, supra.* Only one quotation from the facts of that case is needed to demonstrate its inapplicability to the instant case. The court, in affirming a memorandum opinion of the Tax Court, stated the facts which were present in the case. Among those facts the court enumerated the following:

> * * * It was further provided that petitioner's wife *"is not to be considered a partner in the* * * * *business,* * * * nor is she to acquire any right, title or interest in or to the good will of such business, * * * or to the * * * profits from the sale of such business * * * [she] being hereby specifically and definitely limited to the profits accruing from the regular operation and conduct of such business as a going business. *And in no event,* * * * *is* * * * *[she] chargeable with any net loss occasioned by the operation of said business."* [Italics supplied.]

On such facts as these the court affirmed the Tax Court in holding that there had been no completed gift of a property interest in his business by the taxpayer to his wife, that she was not a partner with him in the business, and that all of the profits therefrom were taxable to him.

It would seem to require no further discussion to establish the premise that the facts of the *Tyson* case are so different from the facts in the instant case that it is no authority for the result reached here. In the instant case the partnership agreement between petitioners and their wives is set out in the majority opinion. It is, I think, a well integrated, well drawn, partnership agreement providing for the sharing of profits and losses between the respective partners. If it does not establish a valid, legal partnership in the ownership and operation of the two laundry properties in question, then it must be because the wife can not be a partner with her husband in a commercial enterprise of this kind unless she brings in outside capital of her own. It must be because she can not make property which she has received as a gift from her husband her capital contribution to the partnership. Such a holding would be contrary to such cases as *Robert P. Scherer, supra; J. D. Johnston, Jr.,* 3 T. C. 799; *Felix Zukaitis,* 3 T. C. 814; and *M. W. Smith, Jr.,* 3 T. C. 894.

One of the strongest circumstances in the record showing that the petitioners did intend to make completed gifts to their wives is that recited in the following part of the majority opinion:

> Two months after the execution of the agreement set out above deeds were executed by petitioners and their wives conveying to a straw man the real estate

used in the two partnerships, and reconveyance was immediately made by such grantee to petitioners and their wives of the same property, by which it was provided that each petitioner and his respective wife were vested with an estate by the entireties in one-half of the conveyed property.

These deeds are in the record and, so far as I can see, are regular and correct in form, and created tenancies by the entireties in the two laundry plant lands and buildings, under the laws of the State of Pennsylvania. If that sort of a conveyance did not vest in the wives actual property interests in the laundry plants which were being operated by the partnership, then I do not understand the law governing conveyances. If this was not a bona fide recognition of the partnership agreement which had been entered into May 1, 1940, then I fail to see how there could be any such thing as bona fide recognition. Under the laws of Pennsylvania a wife has a very real and substantial interest in property which she and her husband own as tenants by the entirety. See *George K. Brennen*, 4 T. C. 1260.

In the instant case there is no dispute as to the income of the partnership. That has been stipulated. The only dispute arises because the Commissioner has refused to recognize the wives as partners and seeks to tax all the income of the partnership to petitioners. Under the facts which have been stipulated, I think that is contrary to law.

It is sometimes said, rather loosely I think, that whether or not a partnership exists is primarily a question of fact and each case must be decided upon its special facts. It is true of course that most tax cases, like most other lawsuits, must be decided upon their special facts. I have never heard anyone contend otherwise. But, if by this expression is meant that whether a partnership between two or more persons exists in a given case is a pure question of fact, such, for example, as the value of a given parcel of property, or whether a debt became worthless in a certain year, or whether salaries paid officers and employees by a corporation are reasonable, then I disagree with it. These latter, as I view them, are indeed pure questions of fact, but whether a partnership exists in a given case involves principles of substantive law as well as questions of fact. The Board of Tax Appeals, now the Tax Court, often quoted the following established definition of a partnership:

The requisites of a partnership are that parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits.

See section 35.03, Mertens Law of Federal Income Taxation. When the principles of substantive law embodied in the foregoing definition are applied to the stipulated facts in the instant case, I think it is clear that in the taxable year a partnership did exist between petitioners and their wives, and there has been no failure of proof in establishing that such a partnership did exist.

Because the majority opinion holds otherwise, I respectfully dissent.

Disney, *J.*, dissenting: I can not agree with the majority opinion. It relies in crucial part upon two ideas: First, that the gifts were ineffective because subject to restriction upon alienation by the donee; and, second, because the gift was subject to the contingency that in case of the death of the donee prior to that of the donor the donor should succeed to the interest. Neither of these provisions affects the reality of gift. On the subject of qualification of, or forbidding alienation in a gift, 38 C. J. S. 816 says:

> The donor of a gift may stipulate that his bounty shall be enjoyed only by those to whom he intends to extend it; and he may withhold from the donee the right to alienate the subject of the gift.

Likewise, as to succession by the donor on the death of the donee, 38 C. J. S. 817 says:

> *Donee's death before that of donor.* A gift is no less valid because accompanied by words indicating that, though presently vested, it is subject to defeasance by the death of the donee before the donor's death.

The case there cited, *People's Trust Co.* v. *Dickson*, 214 N. Y. S. 73, says on the subject:

> * * * Nor would it seem to be less a gift because accompanied by words indicating that it was "provisional" as in the case of *Flint* v. *Ruthrauff*, supra, or so expressed as to make it, though presently vested, subject to defeasance by the death of the donee before the donor, as surely a gift by will or formal deed of trust might be expressed. *Matter of Seaman's Estate*, 41 N. E. 401, 147 N. Y. 69, at page 74; *Matter of Green's Estate*, 47 N. E. 292, 153 N. Y. 223, at page 228. * * *

If it be suggested that the inalienability, taken together with the provision for reversion to surviving husband, effects invalidity of gift, I remember that two times nothing is nothing.

I conclude that the gifts were fully effective and therefore that the petitioner may not be taxed upon all the income produced by the partnership. The assets of which the wives of petitioner and his partner received gifts were of a value of approximately $272,000. Those assets were engaged in the laundry business. I can not subscribe to the idea that the entire income of the businesses produced with such assets, though in connection with personal services, may properly or logically all be laid upon the donors. They did not merely assign income. *Burnet* v. *Leininger*, 285 U. S. 136, as I see it, helps not at all. Therein, a partner was taxed upon his partnership share which he had assigned to his wife, on the ground that the statute required taxation to the partner, and that a mere arrangement between the husband and his wife, not with the partnership, did not constitute her a partner. I dissent.