FRANK J. LORENZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 879. Promulgated May 8, 1944.

*Marion A. Ross, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

750

OPINION.

HARRON, *Judge*: Partnerships between husband and wife in the conduct of a business which has been conducted previously by the husband as a sole proprietorship must be scrutinized closely with a view to determining whether the partnership is bona fide and is a partnership within the provisions of the revenue act applying to the taxation of partnership income. A partnership itself is not taxable, and the "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity." Sec. 181, Internal Revenue Code. The statute contemplates that members of a partnership "carry on" a business. To support the claim that a husband and wife are taxable as partners upon the profits of a business, "there must be more than the husband's mere self-serving statement that a partnership existed or was intended to exist. See *James L. Robertson*, 20 B. T. A. 112. There must be credible evidence of acts, facts, and circumstances demonstrating the alleged partner's actual participation in the business and assumption of its responsibilities to those with whom the business is transacted. While husband and wife and other members of a family may be recognized as eligible to conduct themselves as a partnership, it is not lightly to be assumed or established that they do." *W. M. Buchanan*, 20 B. T. A. 210.

Whether or not a husband and wife carry on a business so as to be taxable individually upon the profits thereof presents a problem of fact, and each case stands upon its particular facts. In some instances we have held that the spouses were carrying on a business as partners. See *Walter M. Moyer*, 35 B. T. A. 1155, where the evidence that the wife exercised ownership over an interest in a business which the husband gave her supported the contention that the wife owned an interest in the business. In other instances, we have not recognized the spouses as partners. See *Thomas M. McIntyre*, 37 B. T. A. 812; *Harold G. Parker*, 39 B. T. A. 423; *Francis Doll*, 2 T. C. 276.

We have said that "One of the essential elements of a partnership is the contribution by each member of either property or services." *Thomas M. McIntyre, supra.* See *Meehan* v. *Valentine*, 145 U. S. 611. In this case, the wife contributed no services and she, admittedly, knew nothing about the "business-end of the business," as she described the point. Her wifely interest in her husband's business as demonstrated by taking telephone messages at home is not sufficient to meet the statutory reference to "carrying on a business." See *Penziner* v. *United*

*States*, —— Fed. Supp. —— U. S. Dist. Ct., N, Dist. Calif., S. D., Jan. 25, 1944. There remains the question whether or not she contributed capital or property to the business.

Petitioner's wife had no property of her own except a savings account containing $140. Her alleged contribution of property to the business is out of the alleged gift to her by petitioner of a one-half interest in, the business which was made simultaneously with the creation of the alleged partnership. The essential elements of a bona fide gift are: (1) A donor competent to make the gift; (2) a donee capable of taking the gift; (3) a clear and unmistakable intention on the part of the donor to absolutely and irrevocably divest himself of the title, dominion. and control of the subject matter of the gift, *in praesenti;* (4) the irrevocable transfer of the present legal title and of the dominion and control of the entire gift to the donee, so that the donor can exercise no further act of dominion or control ever it; (5) a delivery by the donor to the donee of the subject of the gift or of the most effectual means of commanding the dominion of it; (6) acceptance of the gift by the donee. *Edson* v. *Lucas*, 40 Fed. (2d) 398, and authorities there cited.

Petitioner did not divest himself of the chief attribute of ownership of interests in property, namely, control over income. Taxation, a practical matter, is more concerned with the command of a taxpayer over income than with considerations of technical transfers of title. *Corliss* v. *Bowers*, 281 U. S. 376; *Burnet* v. *Wells*, 289 U. S. 670. We have held that a transfer of all of the interest in a contract, productive of income, by a husband to his wife was ineffective to relieve him from tax upon the income produced, where he received the payments and used a large portion of them to discharge his personal obligations and also gave his advice and consent regarding the investment of other portions. See *John S. Gullborg*, 5 B. T. A. 628.

Here, under the partnership agreement, petitioner alone was to have a drawing account. His wife had none. Petitioner was to devote his entire time to the business, but no provision was made to pay him a salary. Presumably, his salary was to be covered, to some extent at least, by his withdrawals each month. But one-half of his withdrawals was to be charged against the wife's capital account. Thus, at the end of the year the half of net profits credited to the wife's capital account would be reduced in fact by the total charges to that account for petitioner's withdrawals during the year. If his withdrawals were only for salary, the effect of this arrangement would be to determine net profits allocable to each partner. But there was no limitation upon the amount of petitioner's withdrawals each year, nor upon the purposes for which he could withdraw funds. Petitioner had the power to withdraw the profits of the business each month, if he so decided, so that at the end of the year the total charges against the

wife's capital account for one-half of his withdrawals would offset the credit at the end of the year for one-half of the profits. We notice that the amount of petitioner's withdrawals was to be agreed upon by petitioner and his wife, but we have no evidence to show that petitioner's wife would be fortified against petitioner's will in the matter of deciding upon the amounts of his withdrawals. The partnership agreement itself provides no restraint upon petitioner's demands, and in the intimate family relationship it is to be presumed that the wife would acquiesce in petitioner's demands, rather than otherwise.

What was actually done during the taxable year is important. No payments were made to petitioner's wife, as a partner, of any of the profits. All withdrawals were made by petitioner and were deposited in his own bank account. Petitioner drew out $9,358, of which $3,379 was used to pay premiums on his life insurance. Petitioner's use of the withdrawals is set forth in the facts and need not be repeated. Out of cash to cover general expenses, in the amount of $3,885, the wife received $720, but just what use she made of that sum is not shown. Petitioner gave his wife $30 a week, or about $1,500 during the year, to cover cash household expenses. He paid other household expenses by checks drawn on his own account. Substantially all of the amount which petitioner withdrew during the taxable year was used to pay his personal obligations, including his obligation to support his family and pay the premiums on his insurance. See *Douglas* v. *Willcuts*, 296 U. S. 1. Under such facts, the credit to the wife's account at the end of the year of one-half of the net profits of the business was not a true allocation to her of one-half of the profits, free from petitioner's dominion and control. See *Mead* v. *Commissioner*, 131 Fed. (2d) 323; certiorari denied, 318 U. S. 777, where the husband-partner had complete control over withdrawals from the business and gave his wife money to cover household expenses out of his withdrawals. There it was concluded that the wife received a portion of the profits, not as a partner, but only by reason of her marital relationship. While other factors, in addition to the husband's control over the income of the business, in the *Mead* case probably contributed to the above conclusion, we have in this case a close similarity with respect to the one factor, namely, the control over income. There can not be any doubt, under the facts in this case, that the wife of petitioner received only a small portion of the profits of the business, and that what she did receive came to her by virtue of the marital relationship. See also, *H. S. Richardson*, 42 B. T. A. 830, 839; affd., 121 Fed. (2d) 1, which does not involve a marital partnership, but discusses the element of control by the husband.

The facts here do not show that petitioner's wife exercised any control over the subject matter of petitioner's alleged gift to her, and,

upon the facts, this case is distinguishable from *Walter W. Moyer*, *supra*.

It is concluded that petitioner did not make a bona fide gift of a one-half interest in the business of the Lorenz Equipment Co. because of his failure to divest himself of all of the economic incidents of ownership thereof. *Francis E. Tower*, 3 T. C. 396. Under all of the facts, the various bookkeeping entries are not controlling. *Sitterding v. Commissioner*, 80 Fed. (2d) 939. It follows that petitioner's wife did not make any actual contribution to the capital of the partnership.

From the evidence before us, we are unable to conclude that the business in question was conducted as a partnership, whether or not the arrangement constituted a valid partnership under Ohio law. Nor are we precluded from considering and deciding the question presented by the decree entered by the Common Pleas Court of Franklin County, Ohio. See *Francis Doll*, *supra*.

Respondent's determination is sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*

VAN FOSSAN, *J.*, dissents.

———

BLACK, *J.*, dissenting: The general facts in these proceedings do not appear to be in dispute. Based on the general findings of fact which the majority has made, I would find as ultimate facts at the conclusion of these general findings as follows:

Petitioner Frank J. Lorenz in January of 1940 made a gift of a 50 per cent interest in the business which he was at that time conducting as a sole proprietorship under the name of Lorenz Equipment Co. to his wife, Isabel M. Lorenz. On January 10, 1940, the petitioner formed a valid, legal partnership with his wife, Isabel M. Lorenz, to carry on the business of "The Lorenz Equipment Company" as a partnership. Petitioner contributed, as his one-half share of the capital of the partnership, the one-half interest which he had retained and Isabel M. Lorenz contributed, as her share of the partnership capital, the one-half interest which had been given to her by her husband. The earnings of the partnership thereafter allocable to the respective partners under the terms of the partnership agreement were the income of the respective partners to whom allocable.

This being my construction of what the facts show, it of course follows that I do not agree with the conclusions reached in the majority opinion, which are typified by the concluding part of the opinion, reading in part as follows:

It is concluded that petitioner did not make a bona fide gift of a one-half interest in the business of the Lorenz Equipment Company because of his failure to divest himself of all of the economic incidents of ownership thereof. *Francis E. Tower*, 3 T. C. 396. Under all of the facts, the various bookkeeping entries

are not controlling. *Sitterding* v. *Commissioner*, 80 Fed. (2d) 939. It follows that petitioner's wife did not make any actual contribution to the capital of the partnership.

There is a well settled line of cases holding that a husband engaged in a mercantile or manufacturing business can make his wife a partner in the business by making a bona fide gift to his wife of an interest in the business and then entering into a partnership agreement with the wife, she giving as her contribution to the capital of the partnership the interest given to her by her husband. Some of these cases are *Richard H. Oakley*, 24 B. T. A. 1082: *Kell* v. *Commissioner*, 88 Fed. (2d) 453: *Rose* v. *Commissioner*, 65 Fed. (2d) 616: *Jasper Sipes*, 31 B. T. A. 709; *Walter W. Moyer*, 35 B. T. A. 1155. In the *Moyer* case we said:

> * * * The question to be determined, therefore, is whether the petitioner actually made a gift to his wife of an interest in the business in the amount of $100,000. If he did make a gift to his wife, she made a contribution to the business and hence had an interest in the partnership. * * *

As I have already stated, I think the evidence shows that in the instant case the petitioner did make a bona fide gift to his wife of an interest in the business and a legal, valid partnership was formed. Therefore. I think the line of cases which I have cited above controls. Clearly the instant proceeding is distinguishable from that line of cases holding that a husband whose earnings are from personal services such as fees from medical practice, attorney fees, accounting fees, insurance commissions, or engineering fees may not make his wife a partner and have his personal service earnings taxed as partnership income. Among such cases are *Mead* v. *Commissioner*, 131 Fed. (2d) 323: *Schroder* v. *Commissioner*, 134 Fed. (2d) 346, *Earp* v. *Jones*, 131 Fed. (2d) 292: *Tinkoff* v. *Commissioner*, 120 Fed. (2d) 564, affirming Board of Tax Appeals memorandum opinion; *Thomas M. McIntyre*, 37 B. T. A. 812; *Harry C. Fisher*, 29 B. T. A. 1041; affd., per curiam, 74 Fed. (2d) 1014.

The earnings of the "Lorenz Equipment Company," a partnership, during the taxable year here involved were not personal service earnings. That fact appears from the following findings in the majority opinion: "During 1940 the gross profit of the business was $55,059.10, which was derived as follows: Profit on sales $37,322.80; commission on direct sales, $3,480.50; rental machinery income, $13,647.09; shop income, $608.71." Therefore, in the instant proceeding I think the decision should be for the petitioner as to this issue and I dissent from the view that the entire partnership earnings are taxable to petitioner.

ARUNDELL, LEECH, and DISNEY, *JJ.*, agree with this dissent.