OPINION. Black, Judge: Although these three cases were tried together, as suggested by both parties, they present different issues. The earliest case, Docket 107150, involves a 1937 gift tax and arises from the Commissioner’s increase of the value of the gifts above the valuation used by the taxpayer in his return. Both parties agree that completed gifts were made. The only dispute in Docket 107150 is as to the value of the gifts which were made and whether the gifts to the minor children were of future interest in property, as raised by respondent in his amended answer. That docket requires consideration of but two issues: (1) The proper valuation of the gifts to the wife and in trust for the three children, and (2) whether the gifts in trust for the children were gifts of future interests precluding the $5,000 statutory exclusions. The next case filed was Docket 109825, and this involves only the question whether for the purpose of Scherer’s income tax for 1938 and 1939 the income of the subject of the four undisputed gifts of 1937 may be attributed to Scherer and included in his gross income. The last case, Docket 809, so designated in the new numbering of dockets after the name of this Court had been changed, involves only a question of valuation of the gift made in 1939 in trust for the newly born child, both parties agreeing that a valid, completed gift was made. As to 1939, therefore, both the question of taxing the income of the property to Scherer and the question of the valuation of the admitted gift made to the child are involved. We shall consider first the valuation of the gifts which it is agreed that Scherer made in 1937 and 1939. After we have considered and arrived at our conclusions as to the valuation of the gifts, we shall then consider the question as to whether Scherer is taxable on the entire income of the Gelatin Products Co. for the fiscal years ended June 30, 1938, and June 30, 1939, notwithstanding the completed gifts which he had made to his wife and minor children in 1937. The Commissioner determined the gift tax deficiency for 1937 by raising the aggregate figure of valuation of four-sixths interest in the business from $179,083.40, used by the taxpayer in his gift tax return, to $373,866.67. In the taxpayer’s brief he argues for a valuation of $230,887.36. The Commissioner in his brief now “submits that the weight of the evidence supports the value of $275,000 as * * * the fair market value of the four-sixths interest in the business of the Gelatin Products Company on June 30. 1937.” The evidence, in our opinion, supports the valuation now proposed by the Commissioner and we have, therefore, found as a fact that the value of the gifts on June 30,1937, was $275,000. The evidence upon which this finding rests has been fully set forth in the findings. Opinions of several witnesses based upon different reasoning reached various conclusions as to the value of the gifts; those of the petitioner’s witnesses being $179,136.20, $200,000, and $269,333.33, and that of the respondent’s witness being $275,000. The valuation of $230,-887.36 urged by the petitioner is the average of these four. We think, however, that on the date in question the past experience of the business and its prospects for the immediate and .the unknown future would have prompted any willing and able buyer to pay at least as much as $275,000 for a four-sixths interest in the business and that, knowing all the facts, the seller would have taken no less as a price. Neither the risks of the vitamin industry, of potential competition, of possible patent litigation, nor of the possible discontinuance of Scherer’s association with the business were such as to require a lower appraisal than has been found, while, on the other hand, the trend of earnings and the expansion of the business were great enough to inspire a high degree of hope and expectation. The balance sheet, to be sure, showed net worth of only $103,025.10 as of June 30, 1937, but the business was growing rapidly, and no account was given to good will or to the earning capacity of the patent and process. We have, therefore, found a higher value for the business than that reached by any of the petitioner’s witnesses, and have adopted the figure of $275,000 testified to by respondent’s witness. We think such value is well supported by the evidence. 2. The gift made in trust to Scherer’s infant son on June 30, 1939, was of a one-sixth interest in the business. In his gift tax return for 1939 Scherer reported this gift at a value of $66,635.78.. The Commissioner in determining the deficiency raised this valuation to $627,801.28. The three witnesses for petitioner testified that in their opinion the value was $74,286.27, $200,000, and $254,191, and respondent’s witness testified to a value of $220,000. In his brief petitioner seeks a valuation of $187,119.32, which is the average of these four figures, and respondent asks a valuation of $254,191, which is the highest figure testified to for petitioner. Upon the evidence, which is substantially set forth in the findings, we have found as a fact that the value of the one-sixth interest covered by this gift was $254,191, as requested by the respondent. This is, in our opinion, the lowest figure that a willing buyer and a willing seller would agree upon as a fair price on June 30,1939, for the subject of the gift. It takes, into consideration the progress of the business subsequent to the date of the earlier gifts, the continually expanding earnings, and the reasonable prospects for the foreseeable future, and does not omit consideration of the risks and possibilities which would affect value. 8. The Commissioner by affirmative answer contends that the deficiency in 1937 gift tax was inadequately determined in that.exclusions of $5,000 each were allowed in respect of the three gifts in trust to the children, despite the fact that they were gifts of future interests. The petitioner in his brief makes no argument that these three gifts were not of future interests. Therefore, we take it that he has abandoned any contention to the contrary. The beneficiary of each trust was not entitled to the enjoyment of either the principal or the income unless and until he became twenty-five or, in the discretion of the trustee, he became twenty-one. There was also the trustee’s power in her discretion to apply income to the beneficiary’s personal use and enjoyment if necessary because of Scherer’s inability to provide for support, maintenance, and education, a contingency which did not occur. By reason of these provisions, the gifts are within the class of future interests. United States v. Pelzer, 312 U. S. 399; Commissioner v. Gardner, 127 Fed. (2d) 929. The exclusion of $5,000 as to each of the three trusts was erroneous. 4. The next and final question which we have to decide is whether the entire income of the business of the Gelatin Products Co. for the fiscal year ended June 30, 1938, and June 30,1939, is taxable to petitioner. The amounts of income are not in dispute. The Commissioner has made some upward adjustments of the net income of Gelatin Products Co. as reported in.the partnership returns filed for the two fiscal years above stated. Petitioner concedes the correctness of these adjustments and, therefore, they do not present any issue for our decision. We may say at this point that no fiscal year following the admission into the partnership of petitioner’s minor son, John Stephen, born in 1939, is involved in this proceeding. Only the income of the partnership for the fiscal years ended June. 30, 1938, and June 30, 1939, are involved. The petitioner argues, first, that the Commissioner, having elected to treat the gifts which petitioner made to his wife and three minor children on June 30, 1937, as valid, completed gifts, has in effect abandoned his position that the income of Gelatin Products Co. for the fiscal years ending June 30,1938, and June 30,1939, is all taxable to petitioner. In presenting this proposition in his brief the petitioner, after discussing the fact that respondent had introduced the testimony of a witness who based his valuations upon the premise that completed gifts had been made, states as follows: “Thus, when the time came when the Commissioner was compelled to make a choice of positions, he chose to contend that the entire ownership of the four-sixths and the one-sixth was transferred. In so doing, he abandoned the only premise upon which he could claim an income tax.” We do not agree that, because the Commissioner takes contrary positions such as petitioner points out, it must be held that he has abandoned one or the other of his positions. It is not infrequent in tax cases that both the taxpayer and the Commissioner take inconsistent positions, and this is not improper if the inconsistent positions are properly pleaded. Petitioner points out nothing in the pleadings which would prevent the Commissioner from taking inconsistent positions in the matters complained of, even if it be assumed he has done so. Nor dc we agree with petitioner that, because a' donor has made a gift of property so that a valid gift tax can be imposed, he is necessarily relieved from paying income tax on the income which the property earns. In the instant case we do not find it necessary to go that far. In Commissioner v. Estate of Beck, 129 Fed. (2d) 243, the court held subject to the gift tax the full value of the securities and insurance policies transferred by the grantor to the trustees under an irrevocable trust which provided that the net income should be used to pay the premiums due on insurance policies on the life of the grantor. It requires no discussion, of course, to demonstrate that the instant case is not like the Beck case. While we would not go so far as to hold that, because a donor has made a gift of property so that a valid gift tax can be imposed he is necessarily relieved from paying income tax on the income which the property earns, we do hold in the instant case, where Scherer made gifts so complete that the Commissioner’s own expert witness testified as to valuation of the gifts upon the basis that completed gifts had been made and that Mrs. Scherer and the three minor children were the owners of respective interests in the business and entitled to shares of its annual net income, and these gifts have been used as their capital contributions to the partnership, the entire income of the partnership is not taxable to Scherer. We, therefore, think that the issue as to whether the income of Gelatin Products Co. for the fiscal years ended June 30,1938, and June 30,1939, is all taxable to petitioner depends upon whether after petitioner made the gifts in 1937 to his wife and three minor children, a valid, legal partnership was formed between petitioner and his wife, acting for herself as an individual and as trustee for her three minor children. A partnership is defined by section 1001 (a) (3) of the Revenue Act of 1936, printed in the margin.[1] The same definition is carried in the Internal Revenue Code, section 3797 (a) (2). There is a line of cases which holds that a husband whose earnings are from personal services such as attorney fees, accounting fees, insurance commissions, or engineering fees may not make his wife a partner and have his personal service earnings taxed as partnership income, Among the cases are Mead v. Commissioner, 131 Fed. (2d) 323; Schroder v. Commissioner, 134 Fed. (2d) 346; Earp v. Jones, 131 Fed, (2d) 292; Tinkoff v. Commissioner, 120 Fed. (2d) 564, affirming Board of Tax Appeals memorandum opinion; Thomas M. McIntyre, 37 B. T. A. 812; Harry C. Fisher, 29 B. T. A. 1041; affd., 74 Fed. (2d) 1014 In the Tinkoff case Tinkoff, who v as a lawyer and accountant, undertook to make his wife and minor son partners in his law and accounting practice, the earnings from which were clearly personal service earnings. The court held that no valid partnership had been created and among other things sain' •; * * * Looking at the substance of the partnership transactions and disregarding mere form, it is obvious that the two partnerships had no business functions. Neither the.wife nor the infant son contributed either capital, services or anything of value to the partnerships. The partnerships were merely patent devices “to exalt artifice above reality.” Gregory v Helvering, 293 U. S. 465. While it is true that there is this IR;''- of cases holding that a husband and father whose earnings are from personal services can not make his wife and minor children partners where they contribute neither capital nor services, there is also a line of c;;-~es which hold with equal clarity that a husband and father engaged m a mercantile or manufacturing business can make his wife and/or minor children partners in the business by making bona fide gifts them of an interest in the business assets and then entering into a rtnership agreement with them they contributing to the business as their part of the capital the interests given to them by him. Some of these cases are Millard D. Olds, 15 B. T. A. 560; affd., 60 Fed. (2d) 252; Richard H. Oakley, 24 B. T. A. 1082; Walter W. Moyer, 35 B. T. A. 1155; and Justin Potter, 47 B. T. A. 607, and there are many others. See J. D. Johnston, Jr., 3 T. C. 799 and cases therein cited. In Walter W. Moyer, supra, we said: * * * The question to be determined, therefore, is whether the petitioner actually made a gift to his wife of an interest in the business in the amount of $100,000. If he did make a gift to his wife, she made a contribution to the business and hence had an interest in the partnership. * * * In the instant case no issue is raised that Scherer did not make valid, completed gifts to his wife individually and to his minor children in trust. Respondent in his brief concedes that the facts in Richard H. Oakley, supra, were analogous to the facts of the instant case. In that case on December 31, 1922, Richard H. Oakley executed an assignment of iertain properties to Beatriz Oakley, individually, to Beatriz Oakley *s trustee for Barbara Oakley, a minor, and to Beatriz Oakley, trustee for Jean Oakley, a minor. The assignment was delivered to and accepted by Beatriz Oakley, individually and as trustee, on December 31, 1922. On this same date articles of copartnership were entered into by and between Richard H. Oakley, Beatriz Oakley, individually and Beatriz Oakley, as trustee for Barbara Oakley and Jean Oakley, minors, under the name of “Oakley Paint Manufacturing Company.” We held that a valid, legal partnership was created among Richard H. Oakley and his wife and two minor children and that the taxpayer was not taxable on that part of the income of the partnership which belonged to the wife and the two minor children. As we have already stated, the respondent concedes that the facts in the Oakley case are somewhat analogous to the facts of the instant case. He does not dispute that a valid, legal partnership was formed on June 30,1937, by Scherer and his wife acting for herself individually and as trustee for her three minor children. In fact, as we understand his position stated in the deficiency notice, at the hearing, and in his brief, he concedes that a valid, legal partnership was formed. He does argue, however, that the rule which we applied as to the taxability of the income of the partnership in the Oakley case should not be applied in the instant case because the Oakley case was decided prior to Helvering v. Clifford, 309 U. S. 331, and that under the doctrine of the Clifford case all the income of the partnership, Gelatin Products Co., should be taxed to Scherer because of the large measure of control over the property and income of the partnership which he exercised under the terms of the declarations of trust, the partnership agreement, and other related instruments executed June SO, 1937. We can not agree with that contention. The statute itseli prescribes how partnership income shall be taxed. Section 181,1. R. C., provides: “Individuals carrying on business in partnership shall ba liable for income tax only in their individual capacity.” We do not believe there is any reason to say that the Supreme Court’s decision in Helvering v. Clifford, supra, overrules the long line of cases we have cited above and should be extended so far as to set aside the well established method of taxing partnership income to the respective partners and taxing it all to one partner because as managing partnei he exercises a large measure of control over the partnership businesa While it is true that under the terms of the partnership agreement Scherer, as managing partner, did exercise a large measure of control over the partnership business and had the sole discretion to determine whether the profits of the partnership of any particular year should be distributed to the respective partners or whether such profits should be retained in the partnership business, this discretion did not make him the owner of the shares of income which belonged to the other partners. Any income not distributed had to be credited to the capital accounts of the respective partners and accounted for as such in a final distribution of the partnership assets. It is clear, for example, that Scherer would have no legal authority to appropriate to his own personal use and pay his own income tax with the share of partnership earnings which belonged to the wife individually and to her as trustee for the minor children. It is also clear that if the entire income of the partnership is to be taxed to Scherer as the Commissioner has determined, then the income tax due thereon will considerably exceed the share of the partnership income which belongs to Scherer. We do not think that Helvering v. Clifford, supra, is authority for such a result. We have already passed upon what we regard as essentially the same issue as we have in the instant case, in the case of Justin Potter, supra. In that case Justin Potter and Valere Blair Potter were members of a partnership operating a retail coal business. They decided they wished to give their two minor children, one aged thirteen years and the other seven years, interests in the business and make them partners thereof. They did so and we held that a valid, legal partnership was created. The Commissioner’s position in that case was stated by us in our opinion as follows: The respondent’s argument in his brief is devoted to the broad aspects of tha question. He argues that the dominion and control exercised by Potter over al]' ti>e income and property alleged to have become the property of the children was such that the gifts, if any were effectively made, did not bring about any sub-stantiai change in the economic interests of the donors after the alleged gifts were made. Respondent’s position is that the circumstances here require application of the rationale of Helvering v. Clifford, 309 U. S. 331. We may say that we understand respondent’s position in the instant case to be precisely what it is stated to have been in the Potter case. We ruled against respondent’s contention in the Potter case and ruled that the two minor children were members of the partnership and that their share of the partnership income was taxable to them and not to the parents, who had made gifts to them of interests in property which formed the basis of their capital contributions to the partnership. In so holding, among other things, we said: * * * Our appraisal of the facts leads to the conclusion that petitioners made irrevocable gifts of the interests in the partnership without retention of any power to revest the property or the income in themselves. With respect to all of the items of income involved — partnership distributions and earnings, interest, dividends, and capital gains — the rule which applies here is that tax liability on income attaches to ownership of the property producing the income. The rule of the Clifford case is not applicable here. Blair v. Commissioner, supra; Julius B. Lilienfeld, 35 B. T. A. 391. [Emphasis supplied.] The Commissioner not only did not petition for review in the Potter case, he published his acquiescence therein in 1942 — 2 C. B. 15. As we have already stated in the instant case, we have held that Scherer made valid, completed gifts on June 30, 1937, to his wife and three minor children of interests in the business of the Gelatin Products Co., theretofore conducted as a sole proprietorship. Immediately thereafter a valid partnership was formed between Scherer and his wife acting for herself individually and as trustee for her three minor children, with interests in the partnership thereafter owned as follows: Scherer, two-sixths; Margaret L. Scherer, one-sixth; and Margaret L, Scherer as trustee for each of the minor children, one-sixth for each minor. This being so, we think the rule of the Potter case must be applied here, which, as we have quoted it above, was “the rule which applies here is that tax liability on income attaches to ownership of the property producing the income.” Scherer should only be taxed on his two-sixths of the net income of the partnership of Gelatin Products Co. for the two taxable years in question, and the Commissioner’s determination that he should be taxed with all of it under section 22 (a) is not sustained. 7 ,Te do not think our holding in this respect is contrary to our holding in 0. 'William Lowry, 3 T. C. 730, and Frank J. Lorenz, 3 T. C. 746, as expressed in the majority opinions. The basis of those decisions was that no completed gifts had been made by the husbands of the capital contributions which the wives purportedly contributed to the partnership business. In the Lowry case, for example, our ultimate finding of fact at the conclusion of our general findings was as follows: Petitioners did not relinquish dominion and control over any part of the assets of the corporation by reason of the gifts of stock in the corporation to their wives, and, consequently, the wives did not contribute any property to the capital of the partnership. The majority having held in the Lowry and Lorenz cases that no completed gifts were made to the wives and that consequently they made no capital contributions to the partnership, we think the instant casa is distinguishable in that view from the two above mentioned cases. We think that Murphy Shannon Armstrong, 1 T. C. 1008, now on review by the Tenth Circuit, is distinguishable on substantially the same grounds as just above stated. In the Armstrong case, after making detailed findings of fact from the evidence, we made at their conclusion the following ultimate finding of fact: Petitioner remained in control of the trust property, and in substance the owner thereof, and retained direct and indirect benefits from income. [Emphasis supplied.] whereas in the instant case at the conclusion of our general findings of fact we have made the following ultimate findings of fact: On June SO, 1037, Robert P. Scherer made irrevocable gifts to his wife, Margaret L. Scherer, and to his three minor children, Josephine, Robert and Karla, in the amounts mentioned in our findings. * * * The partnership agreement entered into June 30, 1937, between Scherer and his wife Margaret for herself individually and as trustee for her three minor children created a legal, valid partnership between them, with Scherer owning a two-sixths interest and each of the other partners owning a one-sixth interest. * * * The earnings of the partnership allocable to the respective partners under the terms of the partnership agreements were the income of the respective partners to whom allocable. The burden of respondent’s argument, as we understand it in his brief, is that not to apply the doctrine of Helvering v. Clifford, supra, in these family partnership cases, even where capital is one of the substantial income producing factors, is to recognize an arrangement within the family group for the division of income in accordance with the will and discretion of the donor, and is to open up a door for tax avoidance. If it be true that these family partnership cases, where an admitted bona fide, completed gift has been made and a legal partnership has been created, open a door for tax avoidance, it is a door which has long been open because, as we have endeavored to point out, there are many cases which have sustained the validity of such partnerships created under facts similar to the ones we have here and have taxed the income accordingly. If the door is to be closed, it must be closed by legislation, which is a matter addressed to the judgment of Congress and not to us. We have no powers of legislation. We do not feel that it is our function to change what we regard as existing law by an unwarranted extension of the doctrine of Helvering v. Clifford. As an alternative respondent contends that the entire income of Gelatin Products Co. should be taxed to petitioner under the doctrine of Helvering v. Stuart, 317 U. S. 154. We think this contention must be denied. In petitioner’s gift of a one-sixth interest in the business to his wife, he imposed no restrictions as to how she should spend her part of the partnership income distributed to her. It is true that the facts show that the household expenses of the Scherer family were paid out of her part of the partnership income. When this fact was brought to Mrs. Scherer’s attention, she acquiesced therein. We know of no rule of law which would make a wife’s income taxable to her husband merely because it is expended voluntarily, by agreement between herself and her husband, for household expenses of the family. As to the taxability of the minor children’s share of the income of the partnership to Scherer under Helvering v. Stuart, supra, respondent relies upon the following clause, which is contained in each of the trust instruments: To pay from time to time to the beneficiary from the income of the trust such sums as the Trustee may deem advisable for the beneficiary’s personal use and enjoyment, and where the use of trust funds may be necessary because of my then present inability to so properly provide, to pay either from corpus or income so much as may be necessary for the support, maintenance and education of said beneficiary. Any income not currently distributed shall be added to the principal of the trust estate. It will be noted that in the language above quoted from the trust instruments the trustee is not given the broad power as existed in the Stuart case “to apply so much of said income for his education, support, and maintenance, as to them shall seem advisable.” In the instant case the trustee is empowered to use the income of the trusts for the support, maintenance, and education of the minor beneficiaries only in situations where the settlor, Scherer, is unable to so properly provide. The testimony in the instant case was to the effect that at all times pertinent hereto Scherer was amply able to provide for the support, education, and maintenance of his minor children and that none of the income of the trusts has ever been used by the trustee for such purposes. This being the state of the proof, we think Helvering v. Stuart, supra, is not applicable. Cf. Commissioner v. Katz, 139 Fed. (2d) 107. Reviewed by the Court. Decisions will he entered under Rule 50, Smith, Disney, and Kern, JJ., concur only in the result. SEC. 1001. DEFINITIONS. ***«••• (a) (3) The term “partnership” includes a Miente, group, pool, joint venture, or other unincorporated organization, through or by me^ns of which any business, financial operation, or venture is carried on, and which is no- within the meaning of this Act, a trust or estate or a corporation; and the term “par-,v i?” includes a member In such a syndicate* group, pool, joint venture, or organization.