*Decisions will be entered under Rule 50.*

## M. W. SMITH, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111723.   Promulgated May 18, 1944.

*John E. Adams, Esq.,* for the petitioner.
*Frank M. Thompson, Jr., Esq.,* for the respondent.

## OPINION.

Tyson, *Judge*: The primary and only issue, if such issue is decided favorably to petitioner, is whether the firm engaged in the lumber-manufacturing business under the name "M. W. Smith, Jr." and/or "M. W. Smith Lumber Company" was in substance and reality a bona fide partnership, the income of which is divisible for tax purposes between petitioner and his wife, or whether all of said income is properly taxable to petitioner.

There is no dispute that under the laws of Alabama husband and wife may be partners in any lawful business. *J. D. Johnston, Jr.*, 3 T. C. 799.

In a long line of cases it has been consistently held that a husband engaged, either as a sole proprietor or with others as partners, in a merchandising, manufacturing, or other business requiring the investment of substantial capital may constitute his wife a partner in such business by making her a bona fide gift of an interest therein and then, in agreement with his wife, or, if there are other partners, in agreement with those partners and his wife, continuing operation of the business, with the wife contributing the interest which had been given her by her husband as her capital investment in the business. *Commissioner* v. *Barnes' Estate*, 30 Fed. (2d) 289, affirming 7 B. T. A. 924; *Rose* v. *Commissioner*, 65 Fed. (2d) 616; *Tracy* v. *Commissioner*, 70 Fed. (2d) 93; *James R. Cray*, 7 B. T. A. 322; *Estate of John Barnes, Jr.*, 7 B. T. A. 924; affd., 30 Fed. (2d) 289; *L. S. Cobb*, 9 B. T. A. 547; *B. M. Phelps*, 13 B. T. A. 1248; *R. E. Hinshaw*, 16 B. T. A. 1236; *Alfred T. Wagner*, 17 B. T. A. 1030; *Glenn M. Harrington*, 21 B. T. A. 260; *Albert G. Dickinson*, 23 B. T. A. 1212; *Richard H. Oakley*, 24 B. T. A. 1082; *N. H. Hazlewood*, 29 B. T. A. 595; *Jasper Sipes*, 31 B. T. A. 709; *Walter W. Moyer*, 35 B. T. A. 1155; and *Robert P. Scherer*, 3 T. C. 776. Cf. *Copland* v. *Commissioner*, 41 Fed. (2d)

501; *Kell* v. *Commissioner*, 88 Fed. (2d) 453; and *J. D. Johnston, Jr.*, *supra.*

While there is no question here as to a gift of an interest in his business by a father to his children, it is worthy of note, in connection with a consideration, as here, of the *bona fides* of gifts made by one of an interest in his business to members of his immediate family, that there is also a line of cases holding with reference to such gifts to children, either direct or through the medium of trusts, to the same effect as do the cited cases with reference to such gifts made by a husband to his wife. *Commissioner* v. *Olds*, 60 Fed. (2d) 252, affirming 15 B. T. A. 560; *Rose* v. *Commissioner, supra; R. E. Hinshaw, supra; John Peters*, 16 B. T. A. 895; *Albert G. Dickinson, supra; Richard H. Oakley, supra; N. H. Hazlewood, supra; Justin Potter*, 47 B. T. A. 607; and *Robert P. Scherer, supra.* Cf. *Kell* v. *Commissioner, supra.*

In *Walter W. Moyer, supra*, at page 1160, a situation very much like the one presented here was thus commented on:

* * * The fact that the business is conducted in the name of the husband does not defeat the partnership. *J. Kammerdiner*, 25 B. T. A. 495, and *Leonard M. Gunderson*, 23 B. T. A. 45, and partners may agree to lodge in one partner the sole management of the business. *Richard H. Oakley*, 24 B. T. A. 1082. We have also held that a husband may constitute his wife his partner by giving her an interest in the business. *Jasper Sipes*, 31 B. T. A. 709, and *Richard H. Oakley, supra.* An agreement or transaction is not rendered ineffectual merely because entered into or motivated by a purpose to avoid taxes. *Commissioner* v. *Gregory*, 69 Fed. (2d) 809; affd., *Gregory* v. *Commissioner.* 293 U. S. 465. The question to be determined, therefore, is whether the petitioner actually made a gift to his wife of an interest in the business in the amount of $100,000. If he did make a gift to his wife, she made a contribution to the business and hence had an interest in the partnership. * * *

The situation presented in the *Robert P. Scherer, supra*, case, so far as the wife of petitioner in that case is concerned, differs in no material respect from the situation presented in the instant case.

We think the facts here require the application of the principles applied in the cited cases. In many of those cases the gifts were made orally and the resulting partnerships were further evidenced merely by entries on the books of the businesses reflecting such transactions, as well as by other entries reflecting apportionment of profits and losses in the businesses as thereafter operated, to the partners. Here, the facts evidencing the gift are much stronger than those evidencing the gifts in many of the cited cases, in that here the gift was evidenced by proof of the strongest character, i. e., by a written instrument signed by petitioner and his wife, duly acknowledged by both, and delivered to the wife; and as showing the partnership are the additional facts that the business was continued in operation under a partnership agreement between petitioner and his wife and entries

were made on the books of the business of capital accounts for each, of withdrawals made by each, and of credits to the capital account of each at the end of each fiscal year, for their respective shares of profits from the business after deductions of their respective withdrawals therefrom.

There is a line of cases holding that a husband engaged in a business the income from which is derived from his personal services may not, as stated in *Robert P. Scherer, supra,* "make his wife a partner in such business and have his personal service earnings taxed as partnership income." *Mead* v. *Commissioner,* 131 Fed. (2d) 323; *Schroder* v. *Commissioner,* 134 Fed. (2d) 346; *Earp* v. *Jones,* 131 Fed. (2d) 292; *Tinkoff* v. *Commissioner,* 120 Fed. (2d) 564; *Thomas M. McIntyre,* 37 B. T. A. 812; and *Francis Doll,* 2 T. C. 276 (on appeal, C. C. A., 8th Cir.). Cf. *Jones* v. *Page,* 102 Fed. (2d) 144; certiorari denied, 308 U. S. 562.

Respondent relies on the *Mead, Schroder,* and *Earp* cases. We do not think those cases or any of the cases cited in the immediately preceding paragraph apply here, for the reasons equally applicable here, as stated in *J. D. Johnston, Jr., supra,* with reference to a partnership arrangement between a husband and wife, as follows:

Unlike *Mead* v. *Commissioner,* 131 Fed. (2d) 323; *Schroder* v. *Commissioner, supra;* and *Earp* v. *Jones,* 131 Fed. (2d) 292, relied on by respondent, this was not an arrangement between only a husband and wife to engage in an exclusively or predominantly personal service business, the income from which was due entirely to the husband's personal efforts. Manifestly, the income of petitioner's wife was an attribute of and flowed from her capital interest in the business rather than from the efforts and energy expended by petitioner in the taxable years. * * *

We think it is obvious that the income from the business here involved and distributable to petitioner and his wife as partners so "flowed" from their "capital interest in the business rather than from the efforts and energy expended by petitioner" as to preclude application of the principle applied in the *Mead* and similar cases above cited; those capital interests being represented, *inter alia,* by the manufacturing plants, machinery, land, and standing timber, logging equipment, and the large stocks of manufactured lumber kept on hand to meet sale requirements. It is also of interest to note that such personal services as petitioner rendered were evidently recognized and compensated for, as such, by the $3,600 received by him annually from the firm, apparently as an agreed salary in addition to his share of the partnership profits. Among other facts in the *Mead* and other similar cases cited above distinguishing those cases from the instant case are that, during the taxable years there involved, in the Mead and *Schroder* cases it is affirmatively shown that the wives had no. drawing accounts, while in the *Earp, Tinkoff, McIntyre,* and *Doll*

cases it is not affirmatively shown that the wives had drawing accounts; and in none of those cases is it shown that during the taxable years the wife had authority to draw checks on the firm's bank account.

We hold, and have so found as facts, that on March 31, 1937, petitioner made a completed and irrevocable gift to his wife of a one-half interest in his lumber-manufacturing business. and that during the taxable years such business was a bona fide partnership in which petitioner and his wife each owned a one-half interest.

Our recent holdings in *Francis E. Tower*, 3 T. C. 396; *O. William Lowry*, 3 T. C. 730; and *Frank J. Lorenz*, 3 T. C. 746, are not, in our opinion, opposed to our holding here, since, as was said in *Robert P. Scherer, supra*, "The basis of those decisions was that no completed gifts had been made by the husbands of the capital contributors which the wives purportedly contributed to the partnership business."

Respondent says, on brief, that petitioner "when he executed the deed of gift knew that all the property covered thereby was to stay in the business." Even if such knowledge on the part of petitioner were material, there is no evidence showing that there was any understanding between petitioner and his wife that the wife would permit the donated interest to remain in the business or that the gift had any such condition attached to it. Petitioner and his wife both testified that there was no secret, or other, understanding that the gift was other than a complete, bona fide one; and, while petitioner testified that he thought the interest donated to his wife would remain in the business, such a thought would be perfectly natural under the circumstances then and theretofore existing, which clearly indicated that a continued investment by the wife in the business would be highly profitable to her and consequently very desirable. Moreover, in so far as petitioner's expectations have any significance, the comment of the court in *Richardson* v. *Smith*, 102 Fed. (2d) 697, is applicable:

* * * but the donor's belief, though well founded, that he can prevail upon the donee to comply with his demands, is alone not enough [to invalidate the gift]; it does not put the donee's will under any constraint, and the property becomes unconditionally his. *Marshal* v. *Commissioner*, 6 Cir., 57 F. 2d 633; *Smith* v. *Commissioner*, 7 Cir., 59 F. 2d 533; *Kell* v. *Commissioner*, 5 Cir., 88 F. 2d 453; *Bardach* v. *Commissioner*, 6 Cir., 90 F. 2d 323. [Brackets supplied.]

The fact that prior to September 30, 1938, employer's quarterly tax returns under Title VIII of the Social Security Act were filed with the collector for the district of Alabama and signed in the name "M. W. Smith, Jr." and thereafter were filed and signed in the name "M. W. Smith Lumber Company" is of no significance, since prior to September 30, 1938, the business was operated in the name "M. W. Smith, Jr.," which name had been formally adopted in the articles of partnership as the firm's name, and the subsequent returns of the same

character were signed in the name "M. W. Smith Lumber Company" after the firm began transacting some of its business in the latter name. All these returns under Title VIII, except one or two, were signed by clerks in the office. Neither do we regard it as of material significance that, in making its excise tax returns for 1937 and 1938 under Title IX of the Social Security Act, the form of organization of the firm was checked as "individual," while in those for 1939 and 1940 the form of organization was checked as "partnership." Of these returns under Title IX, the one for 1937 was signed by petitioner and the ones for 1938 and 1939 were signed by a "clerk," while it is not shown who signed the one for 1940. Nor do we regard the statement made in petitioner's letter of December 1, 1938, to the collector as of weighty significance. The inaccurate statements in the returns made under the Social Security Act and in the letter can not serve to fix the status of the business or affect the ownership of income to be recognized for Federal income tax purposes, when, as here, the actual facts, shown by other abundant evidence, establish clearly that the firm was being operated as a partnership during the taxable years. Cf. *Calvin Zimmerman*, 31 B. T. A. 754, 757; *J. W. Brackman*, 24 B. T. A. 259. Such inaccurate statements did not affect the tax liability of the firm under the Social Security Act. Moreover, the collector to whom the letter was written and with whose office the returns under the Social Security Act were filed had information from the partnership income tax returns and the individual income tax returns of petitioner and his wife, which had also been filed with his office, that the firm was operating as a partnership comprised of petitioner and his wife.

There is no suggestion by respondent that the deed of gift of March 31, 1937, was legally inadequate. The only contention offered is the fact that it was not recorded. That fact is of no importance. *Rose* v. *Commissioner, supra; Center* v. *Planters & Merchants Bank*, 22 Ala. 743; *Perry* v. *Graham*, 18 Ala. 822; *Gaunt* v. *Tucker's Executors*, 18 Ala. 27; and *Enslen* v. *Thornton*, 182 Ala. 314; 62 So. 525.

We hold that petitioner is not taxable on that portion of the net income of the partnership in question which represents the distributive share of his wife in such income as a member of that partnership and that respondent erred in including such portion in petitioner's income. In view of our holding on this primary issue, consideration or decision of the other issue with regard to the amount paid as income tax by petitioner's wife to the State of Alabama is unnecessary.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

STERNHAGEN, *J.*, dissents.

HARRON, *J.*, dissenting: A partnership between husband and wife must be real and bona fide in every respect. An important element in the creation of a partnership between husband and wife is the contribution of capital to the partnership by the wife. Contribution of services by the wife is important, also, but here the wife contributed none. Where a husband owns all of the property in a business which he has conducted as a sole proprietorship, an alleged contribution by the wife of part of the property to a newly formed partnership, created to carry on the same business, should meet every test of reality. If the property which the wife is said to have contributed to the partnership is part of the property already in an existing business and the husband has made a purported gift of part of his property only as a step in creating a family partnership, the effect which he, a taxpayer, desires to result from the arrangement should be found to exist only if he has completely divested himself of every element of ownership and control of the property. See *Francis E. Tower*, 3 T. C. 396; *O. William Lowry*, 3 T. C. 730; *Frank J. Lorenz*, 3 T. C. 746; *Mead* v. *Commissioner*, 131 Fed. (2d) 323.

In this case, petitioner executed a document under the terms of which he gave his wife "an undivided one-half interest in and to all money, all choses in action, and any and all other property, property rights, and/or interests in property belonging to me, both tangible and intangible, excepting only such property as" he owned in Wilcox County. Under this broad conveyance of an undivided one-half interest of all of petitioner's property, the exception being immaterial to the issue, petitioner avers that he made a gift of one-half of all of the property in his lumber business. The document was never recorded. Creditors of the lumber business had no notice whatsoever of any change in the ownership of the assets of the lumber business. The petitioner's manner of handling the arrangement indeed left everything wholly within his control. The partnership agreement, being silent upon the extent of the powers retained by petitioner in the management of the business, was ambiguous. At least, the door was left open for petitioner to argue, when it suited him, that he retained the right to sell, pledge, and dispose of the property in the business. I can not find a transfer to the wife of complete dominion and control over one-half of the assets of the lumber business in the two documents and under the surrounding facts, which is necessary to support a holding that the wife made a contribution of capital to the partnership.

Prior to the arrangements, petitioner paid his wife's bills. He thereby satisfied his legal obligation to support her. After the arrangement, the form was different, the wife withdrawing the funds she desired for her needs and her general personal use. The effect

was the same, however. Family income was put to the same uses, but it was reallocated to fit the pattern of the partnership arrangement. There is no evidence to support a holding that the wife had unfettered control over a share of the income of the business, such as would follow from a bona fide ownership of one-half of the property in the business and of one-half of the business itself.

I respectfully dissent from the holding of the majority that petitioner made a complete and bona fide gift to his wife of one-half of the assets and business of the lumber business. I would hold, on this record, that he did not; that the wife did not contribute capital to the business; and that the marital partnership should not be recognized for purposes of Federal income tax.

SMITH and OPPER, *JJ.*, agree with this dissent.