OPINION. Smith, Judge: The petitioners here contend that, by reason of gifts inter vivos to their respective wives in December 1940 and the simultaneous execution of a certain agreement, they created a valid bona fide partnership in which they and their respective wives each owned a one-fourth interest in the business known as Getsinger-Fox Co., with the result that the earnings of the business for the year 1941, except for a salary of $10,000 paid to each of the petitioners for services rendered, are distributable in four equal portions for income tax purposes. The contention of the respondent is, in short, that the petitioners earned all of the income of the business and that the wives are not members of the partnership for income tax purposes. We think that the respondent’s determination must be sustained. The manifest purpose of the petitioners in bringing their wives into the partnership set-up was that of reducing income taxes. The wives brought no capital into the business and contributed no services. The very definition of a partnership requires a contribution of capital or services, or both, by persons for the conduct of a business for the mutual benefit of the contributors. Plainly, that requirement of a partnership relationship does not exist here. It is the contention of the petitioners that by entering into the agreement of December 23, 1940, they made inter vivos gifts to their wives of valuable property interests in the business. They contend that the samples of fabrics which they had accumulated over a period of many years had a great value and that likewise the good will of the concern had a value, and that by making their wives partners they gave them valuable interests. The petitioners also point to the fact that they filed gift tax returns for 1941 and paid gift taxes upon their gifts. It is not clear, however, that the wives received proprietary interests in the business of value as a result of purported gifts made by the petitioners in 1940. The partnership agreement provided that on the death of one of the partners the other partners could buy his or her interest at a value that was mutually agreeable to the surviving partners. If one of the wives died it is conceivable that her husband could buy her interest for as little as one dollar if this was agreeable to the other partners. In Helvering v. Horst, 311 U. S. 112, it was said: The dominant purpose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid. * * * The rule thus enunciated was followed in the cases of Schroder v. Commissioner (C. C. A., 5th Cir.), 134 Fed. (2d) 346; Earp v. Jones (C. C. A., 10th Cir.), 131 Fed. (2d) 292; certiorari denied, 318 U. S. 764; and Mead v. Commissioner (C. C. A., 5th Cir.), 131 Fed. (2d) 323; certiorari denied, 318 U. S. 777. In Earp v. Jones, supra, it was stated: The apparent purpose of the partnership was not the creation and carrying on of a new joint enterprise or uniting their joint efforts or substance in a new undertaking. The real purpose of the partnership was to minimize income taxes. It is well settled that it is not unlawful to avoid the attachment of taxes. When a new tax comes into existence one is free to arrange or change his method or mode of operation to avoid the attachment of the tax or minimize the effect thereof. The change must, however, be real and substantial. One may not merely change the form but do business in substantially the same way. An essentially new and different economic unit must 6e formed. * * * [Emphasis supplied.] Clearly there was no essentially new and different economic unit formed by the agreement signed by the petitioners and their wives on December 23,1940. The facts in the instant proceedings are closely parallel to those which obtained in Earp v. Jones. Here, as there, the earnings of the company were attributable to the services performed by the petitioners. It does not appear that the profits would have been any less had the agreement of December 23, 1940, never been executed. See also Francis Doll, 2 T. C. 276; affd. (C. C. A., 8th Cir.), 149 Fed. (2d) 239; Frank J. Lorenz, 3 T. C. 746; affd. (C. C. A., 6th Cir.), 148 Fed. (2d) 527. We sustain the respondent’s determination. Reviewed by the Court. Decisions will be entered wnder Bule 50. ARundell, Leech, Tyson, Disney, and Kern, JJ., concur only in the result.