*Decision will be entered under Rule 50.*

Docket No. 5749. Promulgated April 10, 1946.

*Wm. G. Boatright, Esq.,* and *A. Henry Cuneo, C. P. A.,* for the petitioners.

*Gene W. Reardon, Esq.,* for the respondent.

684

OPINION.

DISNEY, *Judge*: The Commissioner included in the taxable income of petitioner the amounts of profits of Durwood-Dubinsky Bros., formerly Dubinsky Bros., for 1938, 1939, 1940, and 1941, which had been credited on the books of the business to petitioner's wife, son, and

daughter, respectively, as partners, upon the ground that the so-called operating agreements entered into among them did not constitute valid and bona fide partnership agreements and that the amounts credited to them, respectively, represented an assignment of petitioner's income and accordingly were taxable to him. Petitioner contends that his wife, son, and daughter were bona fide members of the partnership of Dubinsky Bros., or Durwood-Dubinsky Bros., during the years involved for the reason, among others, that under the law of Missouri a wife, as well as minors, may be members of a partnership. A similar argument was made in *Commissioner* v. *Tower*, 327 U. S. 280. In that case a partnership was entered into in Michigan between a husband and his wife and one other, and the Court stated:

* * * But the Tax Court's authority to make a final authoritative finding on the question of fact is not lessened because Michigan might treat the partnership valid for purposes of state law. Thus Michigan could and might decide that the stock-transfer here was sufficient under state law to pass title to the wife, so that in the event of her death it would pass to whatever members of her family would be entitled to receive it under Michigan's law of descent and distribution. But Michigan cannot by its decisions and laws governing questions over which it has final say, also decide issues of federal tax law and thus hamper the effective enforcement of a valid federal tax levied against earned income.

We therefore hold that the Missouri law relied upon, does not control here.

On the other contentions presented:

In the *Tower* case, when it was before us, 3 T. C. 396, we pointed out lack of contribution of services by the wife, the continuity of petitioner's former control over the business, and the contribution by the wife only of what had been received from her husband; and we concluded that there was no true partnership which should be recognized. The Supreme Court, reversing the Circuit Court which had not agreed with our views, said: "The issue is who earned the income and that issue depends on whether this husband and wife really intended to carry on business as a partnership." The Court goes on to point out the lack of real change in economic relation of husband and wife to the income, the continuing control by husband; the lack of contribution of services by the wife; and the lack of new capital in the business; and concludes that there was mere "paper reallocation of income among the family members."

We cited the *Tower* case in *O. William Lowry*, 3 T. C. 730, where we held that husbands were taxable upon income of a partnership arrangement to which wives contributed only the proceeds of what was transferred to them by the husbands, the wives did not participate in the business, and the petitioners continued in control. See also *Frank J. Lorenz*, 3 T. C. 746; affd., 148 Fed. (2d) 527 (also citing the *Tower* case), wherein a business formerly the sole proprietorship

of a husband was converted, it was contended, into a partnership to which the wife contributed no services, knew nothing about the business, and in effect contributed only the gift from her husband of an interest. It was held that the husband was taxable upon the entire "partnership" income; *Doll* v. *Commissioner*, 149 Fed. (2d) 239; certiorari denied, 326 U. S. 725; *A. R. Losh*, 1 T. C. 1019; *Jacob DeKorse*, 5 T. C. 94.

We think it would serve no useful purpose to discuss the cases cited by both parties or the details of facts as disclosed by the record. Suffice it to say that in our opinion the evidence shows that petitioner and his son, wife, and daughter did not intend to carry on business as a partnership. The giving of the leases and subleases by petitioner to the members of his family and the execution of the operating agreements made no material changes in the operation of the business. The control of petitioner over the business and property was as complete after the execution of the agreements as it had been before. The wife invested no capital originating with her nor did she contribute substantially to the control and management of the business or otherwise perform vital additional services after the execution of the operating agreement. The same applies to the son and daughter. The petitioner, despite the claimed partnership, actually created the right to receive and enjoy the benefit of the income so as to make it taxable to him. The action of the respondent in including in petitioner's taxable income the amounts credited to the wife, son, and daughter for the taxable years is approved.

The next question to be considered is whether the assessment and collection of the deficiencies for 1938 and 1939 are barred.

The respondent alleged in his answer and the petitioner admitted in his reply that petitioner and his wife duly executed a "Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax under Section 275 (c) of the Revenue Act of 1938" covering the taxable year 1938 and extending the time to June 30, 1945. More than 25 percent of the amount stated had been omitted from gross income, making applicable section 275 (c) of the code, providing for assessment within five years from date of return—which was filed March 15, 1939. The evidence shows that such waiver was dated and received on January 6, 1944. The notice of deficiency covering 1938 and 1939 was mailed June 28, 1944. Hence the limitation period as extended had not expired when the notice of deficiency was issued. Consequently assessment and collection of the deficiency for 1938 is not barred.

As to the year 1939, the respondent affirmatively alleged that there was omitted from the reported gross income for 1939 the amount of $14,732.95 properly includible therein, which amount was in excess of 25 percent of the gross income stated in the return, and that therefore

the five-year limitation period under section 275 (c) of the Revenue Act of 1938 was applicable. Section 275 (c) is as follows:

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax be begun without assessment, at any time within 5 years after the return was filed.

The amount of $14,732.95 credited to the son on the books of Dubinsky Bros. was not included in the gross income reported in the joint return of petitioner and his wife for 1939 and it is in excess of 25 percent of $26,050.10, the gross income reported in such return. Since we have held that such amount was properly includible in petitioner's gross income for 1939, section 275 (c) is applicable and the assessment and collection of the 1939 deficiency is not barred. *O'Brien* v. *Commissioner*, 149 Fed. (2d) 456; *Meurer Steel Barrel Co.* v. *Commissioner*, 144 Fed. (2d) 282; and *Estate of C. P. Hale*, 1 T. C. 121.

Reviewed by the Court.

*Decision will be entered for the respondent.*