OPINION. Disney, Judge-. The contention of the petitioner under the first issue is that the corporation had no going-concern value or good will and, consequently, no amount was received by him for such an asset as a liquidating dividend upon the dissolution of the corporation. Upon brief the respondent contends that the “going business” received by petitioner had a value of not less than $55,719.75 in excess of the net tangible assets distributed to him. As proof .of the receipt of an asset as determined by him, respondent refers to the large annual earnings of the corporation, the net income of the partnership, and the fact that General Motors Corporation had agreed, prior to the dissolution of the corporation, to the transfer of the franchises to the partnership. The corporation’s right to conduct the business in which it was engaged was dependent upon franchises from the General Motors Corporation, and the franchises granted to it for the sale of Cadillac, La Salle, and Oldsmobile cars in specified territory were subject to termination by the General Motors Corporation on 90 days notice, effective in July, August, and September in any year, without cause and without notice for specified causes. The franchises were not assignable and by their terms were made personal contracts between the parties. Such good will or going-concern value as the corporation might have created during its existence was subject at all times to be divested by termination of the franchises without action by the corporation. Termination of the franchises not only meant the loss of the right to receive new cars, parts, etc., under the agreements, but the right to use the words “Cadillac,” “Olds,” or “Oldsmobile” in the name of the corporation. These names and the good will attached thereto were specifically reserved to the General Motors Corporation in the franchise agreements, in which no provision was made for payments for good will or going-concern value in the event of their termination. Thus the good will, if any, was bound to the franchises and ceased as something out of which the corporation could use or derive profit when the franchises were terminated. The fact that the General Motors Corporation had agreed in advance of the dissolution of the corporation to enter into new agreements with the partnership, when formed, does not alter the situation. The good will, if any, continued to be embodied in the franchises and they, under the circumstances, were not property subject to transfer or other disposition by the corporation. Noyes-Buick Co. v. Nichols, 14 Fed. (2d) 548. Accordingly, it was error for the respondent to include the amount of $55,719.75 in question as part of the assets received by the petitioner upon liquidation of the corporation. Turning now to the question of partnership between the petitioner and his wife, the recent decisions of the Supreme Court in Commissioner v. Tower, 327 U. S. 280, and Lusthaus v. Commissioner, 327 U. S. 293, involved the question now at hand. The Tower case reversed 148 Fed. (2d) 388, which had reversed this Court. Therein, as the Supreme Court set forth, we had found that the petitioner had conveyed to his wife stock of a corporation which he had long managed and controlled, and in which he owned 445 out of 500 shares. The conveyance was on condition that the wife would place the corporate assets represented by the stock into a partnership. This was done 3 days after the transfer of the stock. The petitioner continued to control the business, and his wife was prohibited from participation therein. That part of her share which the wife actually expended appeared used for family purposes. On these facts we concluded that the husband was taxable upon the entire “partnership” income, and, as above seen, the Supreme Court affirmed our conclusion. In doing so, that Court inquired: “Did the husband, despite the claimed partnership, actually create the right to receive and enjoy the benefit of the income, so as to make it all taxable to him under sections 11 and 22 (a) ?” Later the Court said: “The issue is who earned the income and that issue depends on whether this husband and wife really intended to carry on business as a partnership.” — going on to state that the issue must be decided by considering all steps in the transaction. Validity of partnership under state law was held not controlling, proof of motive to reduce taxes was considered as relevant to the inquiry into reality of partnership, and a question as to whether a gift was incomplete as conditional was considered unnecessary of decision, in the light of the conclusion of this Court, the question of ownership of the property conveyed being regarded as only evidential on the “broader question of whether an alleged partnership is real or pretended.” It was stated that there may be partnership between husband and wife, under some circumstances and, “If she invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things, she may be a partner * * *. But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take those circumstances into consideration in determining whether the partnership is real.” Emphasis was placed on the command of the taxpayer over the income. A number of cases have considered facts in issues similar to, though of course not identical with, those here involved, e. g., Mead v. Commissioner, 131 Fed. (2d) 323; Frank J. Lorenz, 3 T. C. 746; affd., 148 Fed. (2d) 627; Carl P. Munter, 5 T. C. 39, and have found that alleged partnership was not real, or a basis for division of income in a family. We can not consider it requisite to examine the details in the varied situations involved. Here, much as we found in the Tower case, a husband made his wife a gift of distributed corporate assets conditioned upon formation of partnership and continued as before to manage the business. She had no official connection or duties with the corporation, though she took an interest and did such things as attending meetings involving the business and entertaining her husband’s business associates. She did essentially the same after formation of the partnership. The capital did not originate with the wife. On the evidence, we do not regard such services as she performed either “vital” or additional to what she had performed while the business was corporate. Money from her share of profits, as noted in the Tower case, was utilized, so far as spent by her, largely for family matters. Tax-saving was a motive in formation of the “partnership.” Though there are some factors in this case not found in the Tower case or others, we think that they do not affect the “end result” and that the conclusion here should be that the alleged partnership was not real for the purpose of determining income tax of the husband. We are unable to distinguish this case in essential principle from those considered by us in the Tower and other cases. See also W. M. Mauldin, 5 T. C. 743. We hold, therefore, that the Commissioner did not err in including the entire net income of the business conducted in the name of a partnership in the gross income of the petitioner. Reviewed by the Court. Decision will be entered under Rude 50.