OPINION. Turner, J udge: The only question is whether that portion of income from the operation of the Carolina Gas & Oil Co. reported by petitioner’s daughter as her income was the income of the petitioner, for Federal income tax purposes. It is the contention of the petitioner that from July 1,1941, the Carolina Gas & Oil Co. was a partnership, in which he had a one-third interest and his daughter a two-thirds interest, and that the income was computed and reported on that basis, and was correctly and properly reported. This is another of those cases involving the dealings within a family group, where there are so many considerations not usually present in normal arm’s length business transactions between persons not so related that it is quite difficult to determine and find the reality or actuality of >.'ie transaction. In most instances the cases are of those of a husband or father claiming that his wife or minor child has become a partner and that a designated portion of the profits from a business theretofore wholly his own should now be taxed to his wife or minor child. The wife or child who yesterday had nothing to contribute or risk in the business is today, according to the claim, a person of substance, an investor in the business, and taxable on a designated portion of the income therefrom. In most instances this transition to something from nothing has taken the form of a gift, or an arrangement whereby the husband or father is to continue to take the profits or a substantial portion thereof not as profits, but as the selling price of the designated interest in the business or its assets. Where the evidence has been such as to show that the transactions were what they purported to be, namely, gifts or sales, not mere formalities, the claims of partnership have been allowed. J. D. Johnston, 3 T. C. 799; M. W. Smith, Jr., 3 T. C. 894; Felix Zukaitis, 3 T. C. 814; Walter W. Moyer, 35 B. T. A. 1155; Rose v. Commissioner, 65 Fed. (2d) 616; Richard H. Oakley, 24 B. T. A. 1082. In other cases, where the evidence has disclosed the transactions as formalities without substance, the claims of partnership and the division of income for income tax purposes have been denied. O. William Lowry, 3 T. C. 730; Frank J. Lorenz, 3 T. C. 746; A. L. Lusthaus, 3 T. C. 540; Samuel J. Lidov, 16 B. T. A. 1421; Ed Kasch, 25 B. T. A. 284; Robert S. Eaton, 37 B. T. A. 283. We have also that line of cases wherein the operations producing the income are personal service in character and the husband or father has undertaken to avoid the application of the rule in Lucas v. Earl, 281 U. S. 111, by indulging in partnership formalities, and in such cases it has been consistently held that anticipatory family arrangements, even though in partnership form, can not defeat taxation of the income to him who earns it. Earp v. Jones, 131 Fed. (2d) 292; Mead v. Commissioner, 131 Fed. (2d) 323; Schroder v. Commissioner, 134 Fed. (2d) 346; L. D. Simmons, 4 T. C. 1012. While the proof in the instant case leaves much to be desired, there can be no doubt, we think, that the business conducted was essentially a wholesale selling operation or that petitioner and the services rendered by him were prime factors in its operation and in the production of income. The services rendered by petitioner’s daughter during the taxable year were of no consequence, nor does it appear that it was intended that she would render any services of any moment, at least for a period of years. The proof here does not supply any basis for determining what portion of the income, if any, should be attributed to the use of capital. It is also noted that some of the capital used was his personally owned real estate, and it does not appear that he charged or received any rent thereon. From February 15,1933, to July 1,1940, the petitioner, individually and using the name Carolina Gas & Oil Co., had operated the same business as commission agent for the Shell Oil Co., the Shell Oil Co. then owning the distributing equipment. His compensation or profits were in the form of commissions on sales made. We are not advised whether the volume of sales during the taxable year, and particularly during the last six months of the year, was greater or less than the volume for comparable periods when petitioner was operating as commission agent for Shell, nor whether the margin of profit on the business done was greater or less. We do know, however, that, for the selling and managerial services rendered by the petitioner to Shell, petitioner did receive approximately $12,000 per year in commissions during the latter part of that operation, while during 1941 the profits, without excluding or deducting any amount to cover the earnings attributable to the personal services rendered by the petitioner, were only $9,486.93 for the entire year. It is thus apparent that if the earnings of petitioner for similar services in the earlier periods are indicative of the amount earned by him in the 1941 operation, the allowance thereof would leave no profits for distribution to the daughter, even if the petitioner’s claim of partnership be allowed. See M. M. Argo, 3 T. C. 1120. In that case the facts shown of record were substantially parallel to the facts in this case, and we were there unable to conclude, as the petitioner argued we should, that a partnership, rather than the petitioner, was the earner of the income. Such being the record, we held that the rule in Lucas v. Earl, supra, as applied in Earp v. Jones, supra, Mead v. Commissioner, supra, and Schroder v. Commissioner, supra, was controlling, and that the entire income was taxable to the petitioner. Similarly, we are unable to say in the instant case that the petitioner was not the earner of the Carolina Gas & Oil income reported by his daughter as her income, and, as a consequence, we can not say that the respondent erred in taxing it to him. See also L. D. Simmons, supra, and Francis Doll, 2 T. C. 276. In view of the conclusion reached, it becomes unnecessary to determine whether petitioner’s daughter acquired by purchase, as of July 1,1941, a two-thirds interest in the physical assets of Carolina Gas & Oil Co. Cf. M. M. Argo, supra. Reviewed by the Court. Decision will be entered under Bule 50.